MARY SHEEDY, APPELLEE, V. DENNIS SHEEDY ET AL., APPELLANTS.

FILED MARCH 1, 1893.    No. 5832.

1. **Administration:** ALLOWANCE TO WIDOW: APPEAL FROM COUNTY COURT: ISSUES IN APPELLATE COURT: JURY TRIAL. On appeal by the executor or heir at law from an order of the county court making an allowance out of the funds of the estate of a deceased person for the support of his widow, the district court will try and determine the issues involved in the same manner as on appeals in civil cases.    It is error in such case to refuse a jury trial upon the demand of either party to the controversy.

2. **Evidence** examined, and *held* not to sustain the finding and judgment of the district court.

APPEAL from the district court of Lancaster county. Heard below before TIBBETS, J.

*Marquett, Deweese & Hall,* for appellants.

*Charles O. Whedon, contra.*

POST, J.

This is an appeal from a judgment of the district court of Lancaster county, confirming an order of the county court of said county allowing to the appellee Mary Sheedy, widow of John Sheedy, deceased, for her support out of

the funds of said estate, the sum of $83.33 per month until the further order of said court. The first error alleged is the refusal by the district court of a jury trial, when demanded by appellants. The proceedings in this case are governed by the provisions of section 47, chapter 20, Compiled Statutes, as follows: "Upon the filing of such transcript in the district court, that court shall be possessed of the action, and shall proceed to hear, try, and determine the same in like manner as upon appeals brought upon the judgment of the same court in civil actions." Civil actions which come into the district court by appeal from the county court, or from justices of the peace, are triable by jury in the absence of a special provision upon the subject. It follows, therefore, that the district court erred in denying the request of appellants for a jury trial.

2. A careful examination of the bill of exceptions has satisfied us that the judgment in this case is not supported by the proofs, and that the finding should have been against the appellee upon the merits of the case. There is nothing in the record from which the date of death of the deceased John Sheedy can be inferred, except the fact that the appellee was, by a previous order of the county court, allowed a year's support out of the funds of the estate at the rate of $83.33 per month, from and after March 19, 1891, which had been paid in full previous to the institution of this proceeding. She had also been allowed various sums, amounting in the aggregate to $500, which had also been paid. She was also allowed, and received, all of the household furniture, including a piano, also a horse and buggy and harness. The value of the personal estate of the deceased does not appear, but it is evidently trifling, since the claims allowed against the estate, amounting to $3,000, including the undertaker's bill, remained wholly unpaid at the time of the trial before the district court. The real estate of the deceased, exceeding $100,000 in value, does not appear to be especially productive, inasmuch as the rents there-

from have been mostly absorbed by the allowances to the appellee, leaving a balance insufficient to pay the taxes thereon and redeem a part of it which had previously been sold for delinquent taxes. The appellee, who is now a resident of California, did not testify in her own behalf, the only evidence in support of her claim being the testimony of her attorney, Mr. Whedon. According to the testimony of the latter, he is informed by the appellee that she is in need of money for her support and maintenance. It is also in evidence that appellee had previously brought suit in the district court for partition of the real estate of the deceased between herself and the appellants, that said cause had been tried and submitted to the court and was then under advisement before one of the judges thereof. There was, therefore, nothing wanting at the time but the judgment of the court in the partition suit to entitle her to possession of her distributive share of the estate. There is but one inference from the facts appearing of record, viz., that she has long since received in full the interest in the estate of her deceased husband to which she was by law entitled. The judgment of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.

THE other judges concur.