IN RE ESTATE OF CALISTA E. SCOTT.
SARAH M. BROWN ET AL. V. MATILDA E. HARMON.*

FILED FEBRUARY 22, 1906. No. 14,146.

1. **Administrators: APPOINTMENT: APPEAL.** The administrator of an estate is an officer of the court, and in making the appointment the court is required to exercise a reasonable discretion. Upon appeal to the district court from an order appointing an administrator, the issue presented by the appeal is one for the court, and should not be submitted to a jury. .

2. **Letters of administration** should ordinarily be granted to. the widow or next of kin where the application for such appointment is timely, but where the next of kin are unable to agree upon an administrator, and in the exercise of its discretion the probate court appoints some one other than the next of kin, the appointment should not be disturbed on appeal, unless it appears that there has been an abuse of such discretion.

ERROR to the district court for Lancaster county: EDWARD P. HOLMES, JUDGE.· *Affirmed.*

*Berge, Morning & Ledwith,* for plaintiffs in error.

*Stewart & Munger, contra.*

JACKSON, C.

Calista E. Scott died intestate in Lancaster county April 30, 1904. Her heirs were Sarah M. Brown, Matilda E. Harmon and Lucinda Kemble, daughters, A. L. Scott, a son, and W. L. Scott, a grandson. A. L. Scott was a resident of Thayer county. Sarah M. Brown, Lucinda Kemble and A. L. Scott joined in a petition to the county court of Lancaster county, requesting the appointment of A. L. Scott as administrator of the estate of their parent. Matilda E. Harmon filed a counter petition, objecting to the appointment of Scott for the sole reason that he was a nonresident of Lancaster county, and re-

*Rehearing denied. See opinion, p. 30, *post.*

quested the appointment of Henry Harkson.. After hearing, Harkson was appointed upon a finding that he was a more suitable person and competent to act as such administrator. An appeal was taken to the district court, where the appointment of Harkson was confirmed, and Scott and his sisters, Mrs. Brown and Mrs. Kemble, prosecute error.

· In the district court Matilda E. Harmon moved that the case be placed on the docket for the trial of cases without a jury. This motion was sustained. The record discloses that the order of the court was that the case be transferred to the equity docket. - Plaintiffs in error demanded a jury trial, which was denied.

Two questions are presented by the petition in error: First, the absolute right of Scott upon the record to be appointed administrator of his mother's estate; and, second, the denial of a jury trial in the district court. There is considerable force in the contention of plaintiffs in error that the county court should have appointed Scott administrator of his mother's estate. The application was timely, and his qualifications were not put in question. The county judge seems to have acted entirely upon the assumption that it would best conserve the interests of the estate to appoint a resident of Lancaster county. That condition alone ought not to deprive the next of kin of the right to administer the estate of their ancestor. There is, however, a degree of discretion vested in the county court in the appointment of administrators, and we find no such abuse of discretion as would justify a reversal in the case at bar.

Coming to the question of a right to a jury trial, our view is that the trial court adopted the proper procedure. The case of *Sheedy v. Sheedy*, 36 Neb. 373, which it is urged supports the demand of the plaintiffs in error for a jury, in our judgment is not in point. On principle the questions involved in the appointment of an administrator are easily distinguished from those arising out of an allowance to the widow. · It is true that this proceeding is

not equitable, but the question of the qualifications of a person to administer upon an estate is purely a question for the court. An administrator is an officer of the court. The appointment is one resting in sound discretion, and it would be anomalous to hold that such discretion must be controlled by the verdict of a jury.

We find no reversible error in the record, and recommend that the judgment of the district court be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

The following opinion on motion for rehearing was filed June 8, 1906. *Motion overruled:*

Administrators: APPOINTMENT: DISCRETION. When the next of kin disagree as to the selection of an administrator, and the court appoints one requested by one of the next of kin, it will not be presumed upon appeal, in the absence of any evidence upon that point in the record, that the court has abused its discretion in making the appointment.

SEDGWICK, C. J.

In the brief upon the motion for rehearing it is insisted that the statement in the opinion that there is "a degree of discretion vested in the county court in the appointment of administrators" is not applicable to this case. It is undoubtedly true, as stated by the supreme court of Wisconsin in *Welsh v. Manwaring,* 120 Wis. 377, that the right of administration is not inherent, but statutory. The statute is mandatory, and must be followed by the probate court. Our statute provides that: "Administration of the estate of a person dying intestate shall be granted to some one or more of the persons hereinafter mentioned, and they shall be respectively entitled to the same in the following order: *First,* the widow, or next of kin, or both,

as the judge of probate may think proper, or such person as the widow or next of kin may request to have appointed, if suitable and competent to discharge the trust." Comp. St. 1905, ch. 23, sec. 178. Where the preference of appointment is given by the statute to two or more persons, or classes of persons, in the alternative the probate court has a discretion in the matter. 18 Cyc. p. 83. In this case there are four persons equally entitled to preference in the appointment of an administrator. These persons did not agree, and the statute provides that the probate court may appoint one of these four persons, *or such person as they may request to have appointed.* One of the four persons entitled to preference requested the appointment of the person appointed by the court. In such case, where there is a disagreement among the parties entitled to name the administrator, and the appointment is of one chosen by some of these parties, we think that the presumption ought to obtain, in the absence of any proof to the contrary, that the court in making the appointment has properly exercised its discretion.

The motion for rehearing is

OVERRULED.