Estate of Bartz: Bartz, Appellant, vs. Central Wisconsin Trust Company, Administrator, Respondent.

*March 10—April 5, 1932.*

*Darrell MacIntyre* of Madison, for the appellant.

For the respondent there was a brief by *Stephens, Slette-land & Sutherland* of Madison, and oral argument by *Glenn W. Stephens.*

FAIRCHILD, J. It is provided in sec. 311.02, Stats., that administration of estates of intestates shall be granted to some one or more of the persons named in certain preferred groups. If no selection can be made from the first group comprising the widow, surviving husband, or next of kin, or some one requested by one or both, either because of unsuitableness, incompetency, or refusal to act, then consideration is given to the next group fixed by statute, and so on until provision is made for serving those who have interests to protect.

A similar statute was in force in the commonwealth of Massachusetts prior to the adoption of this statute by Wisconsin. In *Cobb v. Newcomb,* 19 Pick. (36 Mass.) 336, we find authority for the proposition that the right is first in the widow and next of kin, either or both, as the judge may order.

Appellant urges that under sec. 311.02 the surviving husband is entitled to preference as to administration on the estate of his deceased wife over the representative of a minor son by a former marriage. At common law, on the death of his wife without making a will, the husband was entitled to the wife's goods and to administration on them. This result was a logical protection to his right of possession. The right to administer estates seems always to have been affected by the policy that administration shall go with the interest in the residue. But under the law of Wisconsin the husband's bare right to administer simply because of his being the sur-

vivor of his wife has never been so complete that his interest or lack of interest in the estate was not a matter of consideration.

Our statutes have always carried the idea that the court appointing the administrator must exercise some degree of discretion, and by use of this discretion determine upon the proper person for the appointment after consideration of his suitableness and competency. Prior to 1898 the statute regulating the order in which the selection was to be made read:

"(1) The widow or next of kin, or both, as the county court may think proper, . . . ; (2) if the widow or next of kin . . . shall be unsuitable or incompetent. . . ."

This points clearly to the plan of the legislature to place upon the court the responsibility of placing the administration where the interests to be preserved are most likely to be benefited. In 1898 the statute was amended by adding the words "surviving husband." This placed him within the class first to be considered upon any application for administration but did not take from the court the discretion necessary to carry out the legislative purpose of securing a proper, suitable, and competent administration of estates. The statutes give the court discretion in the matter of appointment and require that its judgment be guided by the personal fitness of the petitioner or nominee. *Estate of Sargent,* 62 Wis. 130, 22 N. W. 131. Under this power our legislature has provided that administration shall be granted, first, to the widow, surviving husband, or next of kin, or to the person whom such relatives may request to have appointed, if suitable and competent to discharge the trust. "The statute is clearly mandatory and in itself declares its only exceptions." *Welsh v. Manwaring,* 120 Wis. 377, 98 N. W. 214.

The consideration of suitability of one seeking permission to administer an estate as fixed by our statute requires the court to consider his relation to the estate as it may be found

from the surrounding circumstances that may or may not influence him in managing the affairs of those who are to have all that is left after the payment of the debts. If the petitioner or his children are the owners of the ultimate or residuary estate, his interest in the conservation thereof would be an assurance of faithful conduct and careful management. On the other hand, one without any interest who may be antagonistic to the beneficiaries of the estate, or one who acting with ever só worthy motives is so situated with relation to those actually interested that the benefit to him of acting as administrator is confined to the fees to be earned and whose acting as such administrator at the same time would be an embarrassment to those actually interested, would almost necessarily prove to be an unsuitable appointment and would be one to whom the court might with propriety refuse the administration.

Authorities generally agree that while every state by its statutory regulations determines what persons are entitled to administration, the discretion vested in probate courts in this respect is governed by well known general principles; and among the most important is that administration should be committed to those who are the ultimate or residuary beneficiaries of the estate, those to whom the property will go after administration. Gary, Probate Law (3d ed.) § 267; Butler's Probate Treatise (Wis.) § 55; 1 Woerner, American Law of Administration (3d ed.) p. 234; *Scott's Estate,* 76 Neb. 28, 106 N. W. 1003, 107 N. W. 1004; *Brunson v. Burnett,* 2 Pin. 185; *Cobb v. Newcomb, supra;* 3 Schouler, Executors and Administrators (6th ed.) § 1611.

It is conceded that the son of decedent by her first marriage, who is the ward of respondent, is the sole heir and beneficiary of the estate here involved. The objection of appellant that the respondent is not in a strict sense one of the persons mentioned in the first class to be considered in the

matter of appointing an administrator cannot be effective if the rule referred to requiring the grant to follow the beneficial interests is given the force which practical management of affairs requires. A consistent interpretation of statutes and rules leads to the conclusion that since the sole beneficial interest in this estate is in the respondent's ward, the right to administer the estate should be granted to his representatives. The doctrine announced in *Cooper v. Cooper,* 43·Ind. App. 620, 88 N. E. 341, is generally accepted as correct. It is as follows:

"The paramount object and purpose of our statute, and of all statutes, in fixing the order of preference in which letters of administration shall be granted, is to secure to those having a beneficial interest in the property to be administered upon the right to administer. It is to be supposed that those who will reap the benefit of a wise, speedy, economical administration of the estate, or, on the other hand, suffer the consequence of waste, improvidence, or mismanagement, have the highest interest and most influential motive to administer the property correctly. The right to administer follows the right to the personal property."

This places the one most vitally connected with the interests involved in charge of the administration. *Johnson v. Johnson,* 15 R. I. 109, 23 Atl. 106; *In re Davis,* 106 Cal. 453, 39 Pac. 756; 3 Schouler, Executors and Administrators (6th ed.) § 1590.

*By the Court.*—Order affirmed.