ESTATE OF REILLY: REILLY and another, Appellants, vs. SHILTON, Administrator, Respondent.

*May 31—June 20, 1932.*

The cause was submitted for the appellants on the brief of *Clancey, Loverud & Loverud* of Stoughton, and for the respondent on that of *A. J. Thomann* of Madison.

FOWLER, J. James B. Reilly died intestate April 29, 1930, leaving surviving him as heirs at law his brother, John E. Reilly, the appellant herein, and two sisters, Mary Ann Reilly and Katherine Ryan, and leaving personal property of $1,500 and real estate of $18,000 value. Subse-

quently Katherine Ryan died and the respondent Carlyle N. Shilton was appointed administrator of her estate. Neither next of kin nor any creditor asked for administration of James B. Reilly's estate. The respondent on June 11, 1931, petitioned the court for appointment as administrator, and after the notice by publication prescribed by statute given pursuant to order of the court, the court appointed him as administrator. The appellants John E. Reilly and Mary Reilly thereafter moved to vacate the appointment. The court denied the motion and the appeal is from the order of denial.

The appellants' claim is that the respondent is not entitled to be appointed administrator because he is neither kin nor creditor of the deceased. Sub. (1) of sec. 311.02, Stats., gives to next of kin in the order stated right of appointment as administrator if application therefor is made within thirty days from the decedent's death. Sub. (2) then provides that if no next of kin applies within thirty days a creditor may be appointed on his application within sixty days. Sub. (4) provides that if no next of kin or creditor applies for appointment within sixty days from the death, "any one in whose favor a cause of action exists, which cannot be maintained without the appointment of an administrator," may apply and be appointed.

We are of opinion that under sub. (4) the respondent was properly appointed. He had a "cause of action" within the meaning of the statute. Otherwise, merely by not moving for appointment of an administrator the surviving brother and sister by paying off creditors could permanently deprive the plaintiff administrator and the heirs of the deceased sister of the latter's distributive share of the personal property, and the statutes certainly never intended such a possibility.

As support for the order it may also be said that sub. (3) of the statute affords authority and justification for the

appointment. It provides that if there be "no next of kin or creditor competent and willing to take administration the same may be committed to such other person as the county court may think proper." From the fact that the surviving brother or sister has never applied for administration and a year and a half has elapsed from the time of the death, it appears that neither of them is "willing" to take administration and this affords ample ground for the appointment made.

That one not named in the statute may be appointed administrator, although there be a survivor therein named, if the appointee has interests to be protected superior to those of the survivor, was recently held in *Estate of Bartz,* 207 Wis. 639, 242 N. W. 171. It is there pointed out that the county court may and should exercise a wise discretion to secure the protection of the parties in interest. In that case the inheritance of a minor whose guardian was appointed administrator comprised the entire estate and it was manifestly eminently proper that the guardian be appointed. Here those whom the administrator represents have no greater interest than the surviving brother and sister but they do have an equal interest. And it not being mandatory that one expressly named in the statute be appointed, as held in the *Bartz Case,* the county court did not abuse its discretion in refusing to vacate the order of appointment.

*By the Court.*—The order of the county court is affirmed.