ESTATE OF EDWARDS: JOHANNES, Guardian, Appellant, vs. LLOYD and another, Respondents.

*December 5, 1939—March 12, 1940.*

For the appellant there were briefs by *Herman A. Mosher* of Milwaukee, attorney, and *Wilbershide & Baumblatt* of Racine of counsel, and oral argument by *Mr. Mosher* and *Mr. L. P. Baumblatt.*

For the respondents there were briefs by *Shovers & Shovers,* attorneys, and *Benson, Butchart & Benson* of counsel, all of Racine, and oral argument by *Donald A. Butchart* and *Marvin Shovers.*

The following opinion was filed January 16, 1940:

FAIRCHILD, J. Margaret Edwards died July 5, 1938, without having made a will. She was survived by a sister,

Ellen Jones Lloyd, residing in North Wales, Great Britain, and a brother, Hugh W. Edwards, incompetent and under guardianship, residing at Milwaukee, Wisconsin, her sole heirs at law. The petition for letters of administration signed by Meredith Jones Lloyd and by the incompetent heir was dismissed. The petition of the guardian of the incompetent heir, so far as it sought the appointment of an administrator, was joined in by the other heir, Mrs. Lloyd, but she asked that letters of administration be issued to her or to her son, Meredith Jones Lloyd. The resulting proceedings terminated in the appointment of a disinterested person as administrator. The guardian of the incompetent heir felt grieved and appealed from the decision. Mrs. Lloyd, the other heir, acquiesces in the appointment.

The points raised by the general guardian are to the effect that the county court was without jurisdiction; that the appointment of one outside the group first preferred under sec. 311.02, Stats., was improper; that there was an abuse of discretion in the appointment of one not nominated by either petitioner. After the death of the ward and the appointment of the former guardian as special administrator of the ward's estate, there was a motion to revive the appeal. There was a motion to deny the reviver on the ground that the appellant was not a proper party in interest, and that therefore the appeal abated. As to this point we are of the opinion that the appellant was entitled to an order for reviver. The holder of a title to an existing valuable interest recognized by law, under usual circumstances, has a right which he may protect by the use of ordinary legal processes; and the revival of an action or proceeding interrupted by death is provided for by sec. 269.23. A guardian or administrator is a party in interest when his ward or the estate which he represents has rights which may be seriously affected. The performance of a duty of such a representative may reasonably require his participation in proceedings for the appointment of an administrator of an estate from which his ward or estate is to take at least to the extent of

seeing that a qualified person is appointed. *Estate of Bartz,* 207 Wis. 639, 242 N. W. 171. No valid objections to a review of such proceedings on appeal to this court by a proper party existing, the right to appeal would survive and therefore the guardian, now the administrator of his deceased ward's estate, is to be heard. However, on the merits we find no occasion for disturbing the determination made in the county court. Letters of administration on the estate of an intestate are to be granted by the county court; and the group from which the administrator is to be selected or whose nomination is to be preferred are first "the widow, widower or heirs, or both, as the county court may think proper, or such person as they may request, if suitable and competent to discharge the trust." It appears that one of the heirs was not competent, and the trial court was of the opinion that the nonresidence and lack of experience of the other heir resulted in a situation requiring the exercise of its discretion in the selection of a third party as administrator.

The county court had jurisdiction of this matter. Judge Luce, who responded to a call when an affidavit of prejudice had been filed against the county judge of Racine county, conducted the proceeding. The contending parties presented their claims, participated in the proceedings, and submitted their evidence upon which the judgment was formed.

The established facts warranted the appointment of Rowland as administrator. The interests involved are served by placing the affairs of the estate under suitable, competent, and disinterested management. This is done with the consent of the sole surviving heir. It is considered under the circumstances of this case that the order of the county court must be upheld.

*By the Court.*—The order of the county court appointing the administrator is affirmed.

A motion for a rehearing was denied, with $25 costs, on March 12, 1940.