IN RE ESTATE OF HARRY K. GRAINGER, DECEASED. THE FIRST TRUST COMPANY OF LINCOLN, NEBRASKA, TRUSTEE UNDER THE WILL OF HARRY K. GRAINGER, DECEASED, APPELLEE, v. CLARENCE A. DAVIS, GUARDIAN AD·LITEM FOR SHEILA NORBURY GRAINGER, A MINOR, APPELLANT.

38 N. W. 2d 435

Filed July 7, 1949. No. 32636.

556

 

*Davis, Stubbs & Healey,* for appellant.

*Stewart & Stewart,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This appeal involves the basic question of whether or not the county court of Lancaster County erred in requiring a trustee to give a bond. On appeal the district court held that a bond should not be required. We reverse the judgment of the district court and remand the cause.

On August 19, 1943, Harry K. Grainger executed his last will and testament. He died March 29, 1947. By his will he provided that his estate be held in trust for his wife and children. The wife elected to take under the statute.

The will also provided that "I nominate, constitute, and appoint THE FIRST TRUST COMPANY OF LINCOLN, NEBRASKA, and its successors, Executor of and Trustee under this, my Last Will and Testament.

"I expressly direct that my said Executor and Trustee shall not be required to give any bond or undertaking for the faithful performance of its duties as such Executor or Trustee, and that, if any such bond or undertaking shall be required by any law, statute or rule of court, no sureties shall be required thereon."

Among other powers given to his designated executor and trustee was the following: "To cause the securities at any time held by it, as such Executor or Trustee, or any part thereof, to be registered in its name, as such Executor or Trustee, or in its own individual name, or in the name of its nominee, or to take and keep the same unregistered and to retain them, or any part thereof, in such condition that title thereto will pass by delivery,

but the interests of my Estate and/or of the Trusts herein provided for in said securities shall be shown at all times on the books and accounts of my said Executor or my said Trustee, which shall be liable for the acts or omissions of its nominee as for its own."

The will was admitted to probate on May 1, 1947, and the execution and administration of the estate was granted to The First Trust Company as executor.

The executor filed its final report, and on June 21, 1948, it was authorized to assign the trust property to itself as trustee upon giving a bond in the sum of $400,000. Upon application of the trustee the bond required was reduced to $200,000. While these proceedings were pending, the executor made application, which was granted, to transfer and register the securities in the name of its nominee, Waugh and Company.

The trustee appealed from the order requiring a bond. The amount of the bond is not questioned. The county court fixed an appeal bond and appointed Clarence A. Davis as guardian ad litem of the minor beneficiary, and directed that he contest the appeal.

Issues on appeal were made presenting the question as to whether or not the county court had discretion to require the bond under the law and facts. Trial was had to the court with the result above stated.

There is no substantial dispute in any of the facts in this matter. We do not have here the record of the evidence, if any, made in the county court. It appears to have been an ex parte hearing. In the district court, the county court records were stipulated in evidence. The parol testimony establishes that the capital, surplus, and undivided profits of The First Trust Company have materially increased, and that there has been no material change in its policies or management since the will was executed; and that there is no reason so far as the trust company itself is concerned that has arisen since the will was executed to cause a bond to be required. Its

present capital, surplus, and undivided profits amount to $858,000.

At the hearing in the district court, the widow, who is not a beneficiary of the trust, and the adult son, who is, filed written requests that no bond be required of the trustee.

The trust estate consists almost entirely of cash and securities amounting in value to about $250,000. Under the provisions of the will the trust continues for 18 years.

The First Trust Company is the only trust company operating in Lancaster County and probably in the state in trusts of this nature. It is trustee in some capacity in over 50 trusts involved in estates probated in Lancaster County. The total amount of these trusts is in excess of $3,500,000. It has fiduciary bonds on file totaling $195,000 in those estates. In most of the estates no bonds have been required, and likewise in most of them no, or only partial, reports have been made to the county court, although reports have been made to the beneficiaries of the trusts. In many instances beneficiaries have not desired that reports be filed. In other instances the court had within months prior to the hearing requested reports and they have not been made. These matters were considered by the county court when the order requiring the bond was made.

The First Trust Company has a general bond in the sum of $40,000 with the Department of Banking, as required by section 8-211, R. S. 1943.

The trustee proposes to use the nominee statute in this and other like cases.

It is the position of the guardian that this matter is controlled by sections 30-1801 and 8-211, R. S. 1943. It is the position of the trust company that the matter is controlled by section 30-1801, R. S. 1943, as a special statute, as against section 8-211, R. S. 1943, being in terms general. As we view the matter, section 8-211, R. S. 1943, need not be here considered, save to point out that

it discloses a general legislative policy in matters of this kind.

Section 30-1801, R. S. 1943, is as follows: "Every trustee to whom any estate, real or personal, shall be devised or bequeathed in trust for, or in whom as trustee any trust shall be created in any manner in favor or for the benefit of any minor or other person by the will of any deceased person, or who may be appointed by any county court to carry out the provisions of any will which creates a trust without naming a trustee, shall give bond to the county judge having jurisdiction of the probate of the will in such sum and with such sureties as the court may order, conditioned as follows: (1) To make and return to the county court, within such time as the court shall direct, a true inventory of all goods, chattels, rights, credits and estate so devised or bequeathed; (2) to file an inventory and render an account to such court of the trust estate in his hands, of the management, disposition and income thereof, at such times as the court shall direct; (3) to faithfully execute such trust under the direction of the court according to the true intent and meaning thereof; and (4) to adjust and settle his accounts with such court at the expiration of his trust, and pay and deliver to the person entitled thereto all balances, money and property in his possession and for which he is liable as such trustee. *But if the testator in his will has directed that no bond be required of such trustee, none need be given by him, unless the court, at the time of proving the will or thereafter, shall determine that a bond is required by a change in the circumstances or situation of the trustee or for other sufficient reason.* The cost of the premium for procuring a bond shall be allowed the trustee."

The issue here depends upon the construction of the language emphasized by us.

The rule of construction here applicable is: "The rule ejusdem generis, that, where particular words are followed by general, the general words are restricted in

meaning to objects of the like kind with those specified, is only an aid to interpretation, and yields to the rule that an act should be so construed as to carry out the object sought to be accomplished by it, so far as that object can be collected from the language employed." Dillard v. State, 104 Neb. 209, 175 N. W. 668.

In order to determine the object sought to be accomplished by the act reference is made to our decision in the case of In re Estate of Frerichs, 120 Neb. 462, 233 N. W. 456, filed December 5, 1930. We there had a case where a trust estate of personal property was created by will for a minor son of the testator, the trust to continue into his years of majority. The testator made no requirement that a bond be given by the trustee. The county court held that, the testator not having required a bond of the trustee, and no showing of changed conditions having been made, it was not necessary for the trustee to give bond, and that the county court did not have jurisdiction to administer the trust estate. On appeal we affirmed the decision of the county court. We held that "When the testator by his will creates a trust in favor of a minor and requires no bond or security of the trustee, the county court cannot demand such bond or security unless probability of loss to the cestui que trust, or some other equitable ground, is shown." The effect of the decision was to hold also that the county court did not have jurisdiction to administer the trust. We further held that any change in the law was a matter for legislative action.

Thereafter at the next session of the Legislature there was enacted Chapter 42 (Laws 1931, p. 137). That act was approved April 20, 1931, and in part is now section 30-1801, R. S. 1943.

As stated in the title, that act invested the county court with jurisdiction of trust estates created by will, and provided for the qualification, appointment, and removal of testamentary trustees, and for the management and settlement of such trust estates.

The effect was to substantially change the law in all respects as declared in the Frerichs decision. Subject to the exception to be hereinafter discussed, the act made mandatory the giving of a bond by the trustee. The act specified the conditions of the bond so far as the making and returning of an inventory, the rendering of an account when directed by the court, the faithful execution of the trust, and a final settling of accounts by the trustee are concerned. Whether or not the trustee is required to do those things, in the absence of a bond, we need not here determine. The inclusion of those conditions in the bond indicates the legislative concern that the sureties on the bond guarantee that those acts be done by the trustee.

The exception to the requirement of a bond so conditioned in all cases is that if the testator has directed in his will that no bond be required of the trustee, none need be given. Had the Legislature stopped there, the issue here presented would not arise. The Legislature went further and made an exception to the exception by providing that if the county court shall determine that a bond is required by a change in the circumstances or situation of the trustee, or for other sufficient reason, then a bond may be required notwithstanding the provision of the will.

It is clear that whatever discretion this provision grants is vested in the county court and the question on appeal is whether or not there has been a clear abuse of that discretion. 3 Am. Jur., Appeal and Error, § 959, p. 522; 5 C. J. S., Appeal and Error, § 1583, p. 472; In re Estate of Scott, 76 Neb. 28, 106 N. W. 1003, on rehearing, 76 Neb. 30, 107 N. W. 1004.

We think it apparent that the object the Legislature sought to accomplish was that the trust estate be administered and preserved for the purposes and persons designated by the testator. The exceptions, therefore, must be construed in the light of that purpose.

Was there a change in the circumstances or situation

of the trustee, or other sufficient reason to require a bond? We think such a change is shown and it occurred after the death of the testator. The testator provided in his will by general terms for the use of a nominee by the designated trustee. However, at the time the will was drawn and during his lifetime, Nebraska did not have a nominee statute. Section 24-604, R. S. Supp., 1947, did not become effective until after the testator's death and the admission of the will to probate. That act gives broad powers to the trustee and its nominee. While it is apparent that the testator contemplated the use of a nominee by the trustee, it does not follow that he contemplated the passage of section 24-604, R. S. Supp., 1947. In the light of that change in the situation and power of the trustee it cannot be held that the county court abused its discretion in determining that a bond should be required.

Were there other sufficient reasons? The term is a broad one and its boundaries cannot be exactly defined. The facts and circumstances of each case must be considered in the light of the object sought to be accomplished by the Legislature. It is clear that the testator reposed confidence in the fidelity and financial ability of his designated trustee. It may be assumed that he knew of the facts concerning his trustee. It may not be assumed that he knew of the extent of its obligations and its manner of handling the many trusts being administered by it in Lancaster County alone. The testimony of the testator's attorney is that he advised the testator it was not the practice "at least in New York City" to require bonds of responsible corporate fiduciaries; that if The First Trust Company was a responsible institution, it was foolish to incur the expense of a bond; and that testator stated there was little likelihood that the trustee would not be able to respond for any dereliction of its duties and he did not want his estate burdened with the expense. However, the testator must be held to have known that under the law of this state then ex-

isting, that decision was not exclusively his. The county court is not required to accept the testator's judgment in all cases. Under the facts as they are here shown to be, it cannot be held that the county court abused its discretion in finding that there were other and sufficient reasons, to which the judge testified, that justified the requirement of a bond.

Accordingly, we hold that the county court did not abuse its discretion in requiring the trustee to furnish the bond. The district court erred in its judgment that the bond need not be given.

The judgment of the district court is reversed and the cause remanded with directions to enter judgment in conformity with this opinion and to certify the same to the county court.

REVERSED AND REMANDED WITH DIRECTIONS.

WENKE, J., dissenting.

Although I agree with the majority opinion in its construction of section 30-1801, R. S. 1943, I cannot agree that the record presents a situation from which it can be said that such a change has taken place in the circumstances or situation of the trustee or other reason exists sufficient to authorize the county court to require bond, contrary to the express wishes of the testator.