HOMER J. HENKE, APPELLEE, v. PAUL ZIMMER ET AL., APPELLANTS.

64 N. W. 2d 458

Filed May 21, 1954. No. 33526.

*Joseph C. Reavis,* for appellants.

*Archibald J. Weaver,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This matter originated in an application by Homer J. Henke for permission to build a "Double garage" on land situated in the area of Falls City which is zoned as a residential district. The city denied the permit. Mr. Henke appealed to the district court. He will hereinafter be called plaintiff. The appellees in the district court were the members of the board of adjustment of the city and the city in its corporate capacity. They will hereinafter be called defendants. Issues were made and trial had. The trial court found generally in favor

of plaintiff; that defendants' action was unjust, unreasonable, and an abuse of discretion; and that the zoning ordinance involved did not prohibit the granting of the permit. The court ordered that the building permit issue.

Defendants appeal. We reverse the judgment of the trial court.

Plaintiff is engaged in the business of grinding feed for customers on their farms. In that business he uses feed grinders mounted on motor trucks. He proposed to build a building 22 feet wide by 36 feet long for the purpose of storing, servicing, and repairing the motor trucks and grinders. He proposed to have on the premises a storage tank of 1,000 gallon capacity for gasoline and a storage tank of 500 gallon capacity for butane which he uses for fuel for the trucks and grinders. He proposed to have a telephone in the building for the purpose of taking orders for grinding from his customers.

The ordinance provides: "No business building shall be erected in the residence district for store or other business purposes, * * *."

The ordinance does not define the words used.

The question presented here is whether or not the defendants were justified in refusing to issue the permit in view of the provisions of the ordinance. That plaintiff proposed to erect a building is obvious. That he proposed to build it in a residence district as set out by the ordinance is stipulated. The fact question remained to be determined. Is the building a "business building" to be erected "for store or other business purposes?"

"The rule ejusdem generis, that, where particular words are followed by general, the general words are restricted in meaning to objects of the like kind with those specified, is only an aid to interpretation, and yields to the rule that an act should be so construed as to carry out the object sought to be accomplished by it, so far as that object can be collected from the

language employed." In re Estate of Grainger, 151 Neb. 555, 38 N. W. 2d 435.

Where the provisions of a zoning ordinance, as to the uses of property which are permitted or which are prohibited in certain districts, are expressed in common words of everyday use, without enlargement, restriction, or definition, they are to be interpreted and enforced according to their generally accepted meaning. 62 C. J. S., Municipal Corporations, § 226(18), p. 486; 58 Am. Jur., Zoning, § 11, p. 945.

So construing the ordinance we think it patent that plaintiff proposed to build a business building in a residence district for business purposes contrary to the provisions of the ordinance. We know of no rule of construction that would permit a different conclusion.

It follows that the defendants' action in denying the permit was in compliance with the ordinance. The district court erred in its decree.

The judgment of the district court is reversed and the cause is remanded with directions to enter a decree in accord with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.