IN RE ESTATE OF ESTHER B. DOWNEY, DECEASED.
BEATRICE B. RUNDALL ET AL., APPELLANTS, v. DOROTHY WHITESIDE ET AL., APPELLEES.

153 N. W. 2d 736

Filed October 27, 1967. No. 36573.

Robert V. Hoagland and Johnson & Johnson, for appellants.

Norman Gonderinger, Kennedy, Holland, DeLacy & Svoboda, and Robert A. Skochdopole, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

The subject for complaint in this probate proceeding is the $3,000 amount fixed for a statutory bond on appeal to the district court. Appellants, who are will contestants, stood on their tender of a $250 bond, and the district court dismissed the appeal. They argue excessiveness and violations of the Nebraska Constitution— due process and the right to be heard in the court of last resort, Art. I, §§ 3 and 24.

Contestants had moved the county court for a 30-day continuance to give them an opportunity to procure

evidence. The motion was sustained. On the day of trial contestants failed to appear, and the will was admitted to probate. Estimates of estate assets ranged from $150,000 (personal property, $100,000) to $500,000, and the amount of the executors' bond was fixed at $125,000.

The evidence of poverty consists of the affidavit of one contestant. Broad and equivocal conclusions concerning the financial condition of some contestants are illustrated by these excerpts: "* * * they have had a tough time getting along financially. * * * although some of the appellants could probably raise their proportionate share of a $3,000.00 bond, none of them are willing to contribute more than their proportionate share; * * *."

The statute requires a bond conditioned that appellant will pay all debts, damages, and costs. If an appeal has been taken vexatiously or for delay, there is an additional liability for an attorney's fee to the adverse party. § 30-1603, R. S. Supp., 1965. A court has discretion in fixing the amount of the bond. Cf. In re Estate of Grainger, 151 Neb. 555, 38 N. W. 2d 435. There was no abuse.

The constitutional points are not well taken in our view of the record and consequences in other situations, such as contests between indigents. A judicial comparison of financial responsibilities as a criterion of amount would be impracticable. A will contestant is not permitted to proceed in forma pauperis without legislative authority. Cf. In re Estate of Mathews, 125 Neb. 737, 252 N. W. 210.

The judgment is affirmed.

AFFIRMED.