REQUESTED BY: Dear Senator Reutzel:
In connection with your consideration of LB 733, you have requested the opinion of this office regarding the following inquiry:
 "If an employee receives notice of up-coming jury duty, and reports this information to his employer, is the employer within his rights to switch that person's hours of work (shift) from day to night for that pay period?"
Your inquiry involves an interpretation of section25-1640, R.S.Supp., 1979, which provides:
 "Any person who is summoned to serve on jury duty shall not be subject to discharge from employment, loss of pay, loss of sick leave, loss of vacation time, or any other form of penalty, as a result of his or her absence from employment due to such jury duty, upon giving reasonable notice to his or her employer of such summons. No employer shall subject an employee to discharge, loss of pay, loss of sick leave, loss of vacation time or any other form of penalty on account of his or her absence from employment by reason of jury duty. Any person violating the provisions of this section shall be guilty of a Class IV misdemeanor."
The issue posed then is whether a change in shift, such as you have described, constitutes `. . . any other form of penalty . . .' within the meaning of section 25-1640.
Since violation of the provisions of section 25-1640 is a misdemeanor, said statute must be strictly construed.State v. Tatreau, 176 Neb. 381, 387, 126 N.W.2d 157
(1964). Due process requires that the law give a person sufficient warning so that they may conform their conduct to avoid that which is forbidden. State v. Robinson,202 Neb. 210, 213, 274 N.W.2d 553 (1979). However, a penal statute need not be written so as to be beyond the mere possibility of more than one construction. While a penal statute must be strictly construed, it should be given a sensible construction. A statute should be construed in the context of the objects sought to be accomplished, the problems sought to be remedied and the purpose for which it serves. State v. Louis, 184 Neb. 111, 119, 165 N.W.2d 569
(1969).
Section 25-1601.03, R.S.Supp., 1979, provides that the legislative intent and the purpose of the act is to:
 ". . . create a jury system which will insure that . . . [a]ll qualified citizens fulfill their obligation to serve as jurors when summoned for that purpose; . . ."
Further, the legislative history of LB 234, 1979, indicates that the intent of said act is simply to allow more people to serve on juries. (Hearing, Committee of the Judiciary, January 31, 1979). Therefore, the statutory language at issue should be construed to effectuate the legislative intent of encouraging all qualified persons to serve as jurors.
Additionally, in construing a statute where an enumeration of specific things is followed by some more general word or phrase, the general word or phrase is usually held to refer to things of the same kind. 82 C.J.S. Statutes 332b, p. 658-666; In Re Grainger's Estate, 151 Neb. 555,38 N.W.2d 435 (1949). The specific items enumerated in section25-1640, i.e. discharge from employment, loss of pay, loss of sick leave, loss of vacation time, may be categorized as disadvantageous consequences which if imposed by an employer would discourage an employee from serving on jury duty. Switching an employee's shift from day to night for the reason that he or she would be absent from the day shift while on jury duty is, in essence, requiring that the employee serve as a juror on his or her own time. In this regard, the employer's action would appear to be similar to deducting an employee's absence due to jury duty from his or her sick leave or vacation leave.
In the absence of judicial consideration of the issue you have posed, we are unable to respond with certainty to your inquiry. However, we are of the opinion that the provisions of section 25-1640 could reasonably be interpreted to prohibit a shift change such as you have described imposed by an employer for the sole reason that an employee has been summoned to jury duty. While an argument to the contrary could be advanced particularly in light of the requirement that penal statutes be strictly construed, the above stated opinion appears to be more consistent with the legislative intent in enacting section 25-1640, R.R.S. 1943.
If we can be of further assistance, please advise.