STATE OF NEBRASKA, APPELLEE, v. DONALD EUGENE BRINER, APPELLANT.

255 N. W. 2d 422

Filed June 29, 1977. No. 41169.

McCarthy, McCarthy & Vyhnalek, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

SPENCER, J.

Defendant, Donald Eugene Briner, was convicted by a jury of possession of burglary tools with the intent to use them to break and enter. He received a term of 1 to 1½ years in the Nebraska Penal and Correctional Complex. He appeals, alleging three assignments of error. First, the statute is unconstitutional. Second, the testimony of one of the State's witnesses was unduly prejudicial. Third, the sentence imposed is excessive. We affirm.

Defendant was apprehended at approximately 3:30 a.m. on January 8, 1975, inside the stockade area of the Fort Cody Trading Post, a souvenir store located at the intersection of Interstate 80 and U. S. Highway No. 83 in Lincoln County. He had a crowbar in his hand and a walkie-talkie. He also had in his possession a revolver, a pair of gloves, a flashlight, a wire with alligator clips on each end, and a pocket knife.

Two officers testified to the use of each of these items in the commission of a burglary. In addition, the State was allowed over defendant's objections to call a self-styled retired burglar to testify as to the utility of the items found on the defendant for burglarious purposes.

Section 28-534, R. R. S. 1943, provides: "Whoever shall be found having upon him or her, or having in his or her possession, custody or control, any picklock, crow, key, bit or other instrument or tool with intent feloniously to break and enter into any dwelling house, store, warehouse, shop or other building containing valuable property, shall be deemed guilty of a felony, and punished by confinement in the Nebraska Penal and Correctional Complex not less than one year nor more than five years."

Defendant's first contention is that section 28-534,

R. R. S. 1943, is unconstitutionally vague and indefinite. He claims it does not properly apprise individuals as to the nature of the offense charged; sets up no reasonable criteria of guilt; and makes ordinary acts a crime.

Defendant ignores the plain language of the statute. As we held in Phillips v. State, 154 Neb. 790, 49 N. W. 2d 698 (1951): "The essential elements of an offense under section 28-534, R. R. S. 1943, required to be charged and proved by the State, are the possession of instruments or tools suitable for breaking and entering with the intent to use them for a burglarious purpose."

Section 28-534, R. R. S. 1943, has been a part of our law since 1907. So far as we are able to determine, this is the first instance of an attack on its constitutionality, although convictions under it have been reviewed and sustained on numerous occasions. Similar statutes have been consistently upheld against constitutional attack in other jurisdictions. See the note at 33 A. L. R. 3d 798, 809.

We do not find the statute to be vague or indefinite. Even if there was some question about it, what we said in State v. Shiffbauer, 197 Neb. 805, 251 N. W. 2d 359 (1977), would be appropriate: "The prohibition against excessive vagueness does not invalidate every statute which a reviewing court believes could have been drafted with greater precision. All the Due Process Clause requires is that the law give sufficient warning that men may conform their conduct so as to avoid that which is forbidden."

It tests credulity to believe the items he had in his possession would not have been understood by defendant to be within the ambit of the statute. The possession of such tools at 3:30 in the morning in the stockade area of the Fort Cody Trading Post would be considered by any reasonable person as tools suitable for breaking and entering. We find the statute definite enough to warn individuals to permit

them to conform their conduct so as to avoid that which is forbidden.

Defendant strenuously objected to the testimony of an admitted burglar called on behalf of the State. This witness testified as to the use to which the items found in the defendant's possession might be put in perpetrating a burglary. The witness, who testified he was a retired burglar, had been convicted on at least five occasions. Defendant argues the testimony of this witness interfered with the decision-making process of the jury and was prejudicial to him. While two police officers testified as to the probable use of the items, it would be hard to find a person more qualified as an expert witness on the subject at hand than the witness to whom defendant objects.

Section 27-702, R. R. S. 1943, provides as follows: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

The sentence pronounced was clearly within statutory limits. It was in effect a minimal one. Our rule is well established that a sentence within statutory limits will not be disturbed on appeal absent an abuse of discretion. State v. Gillham, 196 Neb. 563, 244 N. W. 2d 177 (1976).

We infer defendant feels he should have been considered for probation. There is no basis for such consideration. In any event, we have often held that an order or sentence of the trial court which denies probation will not be overturned unless there has been an abuse of discretion. State v. Swails, 195 Neb. 406, 238 N. W. 2d 246 (1976). There has been no abuse of discretion herein.

The judgment is affirmed.

AFFIRMED.