STATE OF NEBRASKA, APPELLEE, V. RICHARD ROBINSON, APPELLANT.

274 N. W. 2d 553

Filed January 24, 1979.  No. 42115.

Robert M. Brenner, for appellant.

Paul L. Douglas, Attorney General, and Mel Kammerlohr, for appellee.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and BLUE, District Judge.

BLUE, District Judge.

On September 23, 1976, in the State of Wyoming, David Parker was shot with a shotgun, which resulted in his death within a short time. After the shooting, the defendant, Richard Robinson, stated, "I just wanted to get the body away from the house, and away from my mind." The defendant loaded the body into the trunk of an automobile and drove the car until the gas gauge showed empty. He then drove off into a ditch, got out, and rode back home with his wife in another car. The automobile with the body of Parker was left at a point just east of the Wyoming-Nebraska state line. The defendant was charged with murder by Wyoming authorities, but was found not guilty on April 22, 1977.

On September 2, 1977, in Scotts Bluff County, Nebraska, defendant, Richard Robinson, was charged with a violation of section 28-1033, R. R. S. 1943, in that he did, "unlawfully and feloniously throw away or abandon a dead human body in a place other than a regular place for burial and without the issuance of a proper death certificate." He was also charged

with being an habitual criminal. Preliminary pretrial motions were filed and overruled. A jury was waived, and the habitual criminal charge was dismissed by the State. A trial was had on stipulated evidence, and the defendant was found guilty. A motion for new trial was overruled, and the defendant was sentenced to a term of 2 years in the Nebraska Penal and Correctional Complex.

The defendant has appealed and contends, among other things, that section 28-1033, R. R. S. 1943, is so overbroad, vague, and indefinite as to violate the defendant's due process of law rights under both the Nebraska and United States Constitutions.

Section 28-1033, R. R. S. 1943, reads in its entirety as follows: "It shall be unlawful for any person or persons to throw away or abandon any dead human body, or any portion thereof, in any place other than a regular place for burial and under a proper death certificate issued under either section 71-182 or 71-605."

The terms the defendant complains of are "to throw away or abandon," "dead human body or any portion thereof," "regular place for burial," and "proper death certificate" issued under section 71-182 or 71-605. This court has said many times that it is not necessary for a penal statute to be written so as to be beyond the mere possibility of more than one construction. Although a penal statute is required to be strictly construed, it should be given a sensible construction and general terms therein should be limited in their construction and application so as not to lead to injustice, oppression, or an absurd consequence. State v. Lewis, 184 Neb. 111, 165 N. W. 2d 569 (1969); State v. Saltzman, 194 Neb. 525, 233 N. W. 2d 914 (1975); State v. Nance, 197 Neb. 257, 248 N. W. 2d 339 (1976). In the Lewis case defendant contended that the use of the terms "forcibly resist," "use," "deadly," "dangerous," and "weapon" resulted in the statute being unconstitutional under

the "void for vagueness doctrine." This court held in that case the meaning of these terms was not in doubt.

It is apparent here, as in State v. Lewis, *supra*, that the terms which are challenged for vagueness are words of common usage and ordinarily such words need not be defined in the statute. State v. Holland, 183 Neb. 485, 161 N. W. 2d 862 (1968), and State v. Lewis, *supra*. As Chief Justice White stated in State v. Lewis, *supra,* "It might be said that they are words in common context that descend to the level of an irreducible minimum of definition."

Defendant cites State v. Adkins, 196 Neb. 76, 241 N. W. 2d 655 (1976), and other cases in which this court has found that legislation was void for vagueness. A reading of these cases readily shows that the statutory language in these cases cited by the defendant is quite different from the statutory language of section 28-1033, R. R. S. 1943.

We do not find the statute to be vague or indefinite. Even if there was some question about it, what we said in State v. Shiffbauer, 197 Neb. 805, 251 N. W. 2d 359 (1977), and in State v. Briner, 198 Neb. 766, 255 N. W. 2d 422 (1977), would be appropriate. "The prohibition against excessive vagueness does not invalidate every statute which a reviewing court believes could have been drafted with greater precision. All the Due Process Clause requires is that the law give sufficient warning that men may conform their conduct so as to avoid that which is forbidden." The statute here is sufficiently clear that a person of ordinary intelligence has fair notice of exactly what is forbidden. The actions of the defendant were clearly prohibited under any reasonable construction of the statute. Although hypothetical factual situations might be imagined where the application of the statute might raise constitutional issues, such imaginary factual situations do not help the defendant, nor make the statute unconstitutional.

Defendant also contends that his prosecution for abandoning the dead body of David Parker placed the defendant in double jeopardy, in that he has previously been acquitted in Wyoming for the murder of David Parker.

This court has held that a distinction exists between an offense and the unlawful act out of which it arises, it being possible that two or more distinct offenses may grow out of the same transaction or act; and the rule that a person cannot be twice put in jeopardy for the same offense has no application where two separate and distinct crimes are committed by one and the same act, because the constitutional inhibition is directed to the identity of the offense and not to the act. Jeppesen v. State, 154 Neb. 765, 49 N. W. 2d 611 (1951); State v. Goodloe, 197 Neb. 632, 250 N. W. 2d 606 (1977).

In State v. Pope, 192 Neb. 755, 224 N. W. 2d 521 (1974), this court held that double jeopardy did not bar prosecution for two offenses, possession of heroin and possession of cocaine, because the same evidence would not have satisfied the requirements to convict for both offenses.

In the present case it is obvious that the same evidence would not convict for both murder and for abandoning a dead body.

The defendant cites Ashe v. Swenson, 397 U. S. 436, 90 S. Ct. 1189, 25 L. Ed. 2d 469 (1970), in support of his contention that the doctrine of equitable estoppel applies to the second prosecution. That case involved an armed robbery of six poker players. The petitioner was charged with the robbery of one of the participants in the poker game, but was acquitted on that charge. Subsequently, the State brought the petitioner to trial on the charge of robbery of one of the other participants and he was convicted. The United States Supreme Court reversed the conviction, applying the doctrine of collateral estoppel to the second prosecution. As stated by the majority

in the Ashe case: "The question is not whether (the State) could validly charge the petitioner with six separate offenses for the robbery of the six poker players. It is not whether he could have received a total of six punishments if he had been convicted in a single trial of robbing the six victims. It is simply whether, after a jury determined by its verdict that the petitioner was not one of the robbers, the State could constitutionally hale him before a new jury to litigate that issue again." Thus, it is clear to us that Ashe v. Swenson, *supra,* is not controlling in this case.

The defendant was not placed in double jeopardy by the prosecution in Nebraska.

The defendant also contends that his testimony in Wyoming should have been suppressed in the Nebraska proceedings as self-incriminatory in violation of the Nebraska Constitution and the United States Constitution.

The general rule is that a defendant's testimony at a former trial is admissible in evidence against him in later proceedings. Harrison v. United States, 392 U. S. 219, 88 S. Ct. 2008, 20 L. Ed. 2d 1047 (1968). The Supreme Court stated: "In this case we need not and do not question the general evidentiary rule that a defendant's testimony at a former trial is admissible in evidence against him in later proceedings. A defendant who chooses to testify waives his privilege against compulsory self-incrimination with respect to the testimony he gives, and that waiver is no less effective or complete because the defendant may have been motivated to take the witness stand in the first place only by reason of the strength of the lawful evidence adduced against him." The Court of Appeals for the Eighth Circuit has applied this rule to a criminal proceeding. United States v. Cecil, 457 F. 2d 1178 (1972). At a state trial against others who lived with him, Cecil testified in support of a defense motion to suppress evidence seized in a search of the

house. The court ruled that the testimony was given voluntarily in an effort to help his friends and was therefore admissible against him in a trial resulting in his conviction for possessing a short-barreled shotgun.

In our case the defendant testified in the Wyoming trial because he was forming a defense for murder. He testified in order to help himself. Moreover, Mr. Robinson's testimony was given under the direction of counsel.

Nevertheless, the question is not whether the defendant made a knowing decision to testify but why? Harrison v. United States, *supra*. In Harrison, the defendant's conviction at his first trial was overturned because illegally obtained confessions had been introduced. On remand the prosecution read to the jury the defendant's testimony at the prior trial. The United States Supreme Court ruled that such testimony was the fruit of a poisonous tree because it had been given by the defendant to counter the effect of the evidence which was wrongfully allowed at the first trial. In the present case the record is devoid of any indication that the defendant testified in order to counter any illegal government action at the murder trial. Therefore, the only inference which can be drawn is that he testified because, with the advice of his counsel, he considered it to be in his own best interest to do so. Consequently, he is responsible for the results of such public statements, including their use as evidence in the instant case.

The evidence clearly established each element of the offense prohibited by section 28-1033, R. R. S. 1943. This court will not interfere on appeal with a conviction based upon evidence unless it is so lacking in probative force that the court can say as a matter of law that it is insufficient to support a verdict of guilt beyond a reasonable doubt. State v. Olson, 200 Neb. 341, 263 N. W. 2d 485 (1978); State v.

Sommers, 201 Neb. 809, 272 N. W. 2d 367 (1978).

There is no merit to defendant's claim of excessive sentence. A sentence imposed within statutory limits will not be disturbed on appeal unless there is an abuse of discretion. State v. McKenney, 198 Neb. 564, 254 N. W. 2d 81 (1977); State v. Kerns, 201 Neb. 617, 271 N. W. 2d 48.

The judgment is affirmed.

AFFIRMED.