STATE OF NEBRASKA, APPELLEE, V. KENNETH JAMES KANGER, APPELLANT.

337 N.W.2d 422

Filed August 5, 1983. No. 82-607.

Dennis R. Keefe, Lancaster County Public Defender, and Scott P. Helvie, for appellant.

Paul L. Douglas, Attorney General, and Dale A. Comer, for appellee.

Krivosha, C.J., Boslaugh, McCown, White, Hastings, Caporale, and Shanahan, JJ.

McCown, J.

The defendant, a prison inmate, was convicted of carrying a concealed weapon in violation of Neb. Rev. Stat. § 28-1202 (Reissue 1979) and sentenced to 8 months' imprisonment to be served consecutively to the sentence he was already serving. The defendant has appealed.

On August 11, 1981, the defendant was an inmate of the Lincoln Correctional Center, residing in "A" pod. On that morning the officers at the center arranged to conduct a search of "A" pod and of the inmates incarcerated there. The prisoners, including the defendant, were allowed to eat breakfast and returned to their living units before the search was announced. The inmates of pod "A" were instructed to come out of their living quarters and ordered to go to an area near the yard where they were to be patted down prior to entering the prison yard.

The defendant lined up with the other inmates for

the pat-down search. A corrections officer found a homemade knife concealed under the defendant's sock, pants, and part of his boot. The knife had an overall length of 9 inches. The blade was made from a metal ruler and was approximately 5½ inches long on the sharpened side and 3½ inches long on the unsharpened side, and had a plastic handle with a handguard. At no time during the lineup or the search did the defendant attempt to reach for the knife or resist the search for or removal of the knife.

The defendant was charged with having a dangerous instrument concealed on or about his person, to wit, a knife with a blade greater than 3½ inches in length, said knife being a dangerous instrument capable of inflicting cutting, tearing, or stabbing wounds.

The defendant pleaded not guilty and waived his right to a jury trial. A stipulation was entered into for use at the trial in which it was stipulated that if the defendant were to testify on his own behalf at trial he would testify that the homemade knife was given to him approximately 2 days before the search by another inmate because the other inmate feared a shakedown search of his own cell block. The defendant kept the knife in his cell, and upon hearing of the search of his own pod he decided to hide the knife in his sock with the intention of getting it out of his cell and into the yard where he could throw it away. He would also testify that he had no intention of using the knife as a weapon and that his sole reason for having the knife was to get it out of his cell and discard it.

On the basis of the evidence at trial the court found beyond a reasonable doubt that the knife was a deadly weapon as defined by Neb. Rev. Stat. § 28-109 (Reissue 1979). The trial court specifically found that the inmates of the correctional center, including the defendant, could have no use for a knife such as that found on the defendant's person except

to use such an instrument as a deadly weapon. The court also found that under the evidence "there can be no situation involving innocent concealment." The defendant was found guilty and sentenced to 8 months' imprisonment, with the sentence to be served consecutively to any other sentence then being served.

On this appeal the sole issue is whether the trial court was in error in finding that the knife concealed upon the defendant's person was a "deadly weapon" within the meaning of §§ 28-1202 and 28-109(7).

Section 28-1202(1) provides in pertinent part: "[A]ny person who carries a weapon or weapons concealed on or about his person such as a revolver, pistol, bowie knife, dirk or knife with a dirk blade attachment, brass or iron knuckles, or any other deadly weapon, commits the offense of carrying concealed weapons."

Section 28-109(7) provides: "Deadly weapon shall mean any firearm, knife, bludgeon, or other device, instrument, material, or substance, whether animate or inanimate, which in the manner it is used or intended to be used is capable of producing death or serious bodily injury."

In *State v. Valencia*, 205 Neb. 719, 290 N.W.2d 181 (1980), this court sustained the constitutionality of § 28-1202(1) against the challenge that the term "any other deadly weapon" was so vague and overbroad as to render the statute unconstitutional. This court held that the Legislature, in enacting § 28-1202(1), designated certain weapons such as revolvers, pistols, bowie knives, dirks or knives with a dirk blade attachment, and brass or iron knuckles as deadly weapons *per se*, and the manner of the actual or intended use of such deadly weapons is immaterial. This court also held that with reference to the phrase "or any other deadly weapon," it is the element of actual or intended use which renders the words "other deadly weapons" sufficiently definite to provide citizens an opportunity to conform their

conduct to the statute, and to distinguish between situations involving culpable concealment and those involving innocent concealment.

*Valencia* also specifically held that the question of whether an object or weapon not specifically enumerated in § 28-1202(1) was a "deadly weapon" is a question of fact to be decided by the trier of fact.

In the present case, in the context of a prison environment and the evidence in this case, there can be no serious doubt that a homemade knife of the kind shown by the evidence here was used or intended to be used in a manner which was capable of producing death or serious bodily injury. Any other conclusion would ignore reality. The defendant's own testimony establishes his knowledge that such a weapon was forbidden and that he knew his possession of it could not be innocent. The fact finder is not required to accept defendant's explanation that he did not intend to use the knife as a deadly weapon, nor his explanation as to why it was in his possession.

In a criminal case tried to the court without a jury, the findings of the court have the effect of a jury verdict and will not be disturbed on appeal unless clearly wrong, and the verdict must be sustained if there is substantial evidence, taking the view most favorable to the State, to support it. *State v. Cowan*, 204 Neb. 708, 285 N.W.2d 113 (1979).

AFFIRMED.