STATE OF NEBRASKA, APPELLEE, V. KENT H. PIERSON, JR., APPELLANT.

476 N.W.2d 544

Filed October 25, 1991.    No. 90-966.

David S. Perlman for appellant.

Herbert M. Fitle, Omaha City Attorney, and Gary P. Bucchino, Omaha City Prosecutor, and J. Michael Tesar for appellee.

HASTINGS, C.J., WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

The defendant, Kent H. Pierson, Jr., was convicted in the county court of carrying a concealed weapon, in violation of Omaha Mun. Code, ch. 20, art. VII, § 20-192 (1990). He was sentenced to pay a $50 fine and timely appealed to the district court, where the conviction and sentence were affirmed. The defendant has appealed to this court, contending the district court erred in holding that § 20-192 of the Omaha Municipal Code was not unconstitutionally vague. In the alternative, he contends that the evidence was insufficient to support his conviction.

In order for an issue of constitutionality to be considered on appeal, it must have been raised properly in the trial court. If not properly raised, the issue is waived. *State v. Schreck*, 226 Neb. 172, 409 N.W.2d 624 (1987). The State first claims the defendant did not properly raise the issue of vagueness in the county court.

The record shows that the defendant did not file a demurrer or move to quash the complaint. See, Neb. Rev. Stat. §§ 29-1807, 29-1808, and 29-1810 (Reissue 1989); *State v. Valencia*, 205 Neb. 719, 290 N.W.2d 181 (1980) (holding that when the alleged defect in an indictment or information is a matter of interpretation of the statute itself, the constitutionality of the statute may be challenged by filing either a motion to quash or a demurrer). During final argument, however, defense counsel referred to alleged difficulties with § 20-192 "which approach[ed] constitutional

magnitude." Counsel then elaborated on the argument that the phrase "likely to cause death or bodily injury" "is rather broad and is rather vague." Apparently, the county court also considered the defendant's brief regarding the alleged unconstitutionality of the ordinance.

We take this opportunity to emphasize that "vagueness" and "overbreadth" are distinct concepts. In *State v. Copple*, 224 Neb. 672, 401 N.W.2d 141 (1987), we observed that a statute may be unconstitutional if it is either vague or overbroad, but an overbroad statute need lack neither clarity nor precision, and a vague statute need not reach constitutionally protected activity. An enactment which is clear and precise and therefore not vague may still be overbroad if it prohibits the exercise of constitutionally protected conduct.

Although it appears that most of the argument to the county court pertained to overbreadth analysis and that the presentation of the issue could have been more concise, we conclude that the issue of vagueness was preserved by the defendant's plea of not guilty, was specifically raised in the trial court, and was not waived by the defendant. The defendant does not contend in this appeal that § 20-192 is overbroad.

Section 20-192 provides: "It shall be unlawful for any person except an authorized law enforcement officer purposely or knowingly to carry a weapon concealed on or about his person." Omaha Mun. Code, ch. 20, art. VII, § 20-191 defines the term "weapon" as "[a] firearm, stun gun or any other instrument the use of which is intended or likely to cause death or bodily injury." In this appeal, the defendant complains that the ordinance is vague because the phrase " 'likely to cause death or bodily injury' could pertain to almost anything." Brief for appellant at 10.

In order to have standing to challenge an allegedly vague statute, one must not have engaged in conduct which is clearly proscribed by the statute, and cannot complain of the vagueness of the law as applied to the conduct of others. *State v. Copple, supra*. See *State v. Schreck, supra*. Concealing some type of knife or sharp instrument on one's person is not specifically proscribed by § 20-192. Therefore, the defendant in this case is entitled to show that the ordinance, as applied to his

particular activity, is vague. See *State v. Copple, supra.*

Due process of law requires that criminal statutes be clear and definite. *State v. Valencia, supra.* A crime must be defined with sufficient definiteness and there must be ascertainable standards of guilt to inform those subject to the statute as to what conduct will render them liable to punishment, and the dividing line between what is lawful and unlawful cannot be left to conjecture. *Id.* A crime and its elements must be so clearly expressed that an ordinary person can intelligently choose in advance what course of conduct he may lawfully pursue. *Id.*; *State v. Copple, supra.*

However, it is not necessary for a penal statute to be written so as to be beyond the mere possibility of more than one construction. Although a penal statute must be strictly construed, it should be given a sensible construction, and general terms should be limited in their construction and application so as to avoid injustice, oppression, or an absurd consequence. *State v. Valencia*, 205 Neb. 719, 290 N.W.2d 181 (1980). The prohibition against excessive vagueness does not invalidate every statute which a reviewing court believes could have been drafted with greater precision. *Id.*; *State v. Copple, supra.*

The Omaha ordinance in this case is similar to Neb. Rev. Stat. § 28-1202 (Reissue 1989), which provides in part:

> (1) Except as provided in subsection (2) of this section, any person who carries a weapon or weapons concealed on or about his or her person such as a revolver, pistol, bowie knife, dirk or knife with a dirk blade attachment, brass or iron knuckles, *or any other deadly weapon* commits the offense of carrying a concealed weapon.

> (2) It shall be an affirmative defense that the defendant was engaged in any lawful business, calling, or employment at the time he or she was carrying any weapon or weapons and the circumstances in which such person was placed at the time were such as to justify a prudent person in carrying the weapon or weapons for the defense of his or her person, property, or family.

(Emphasis supplied.) The term "deadly weapon" is defined in Neb. Rev. Stat. § 28-109 (Reissue 1989) as follows:

> As used in this code, unless the context otherwise requires:
>
> . . . .
>
> (7) Deadly weapon shall mean any firearm, knife, bludgeon, or other device, instrument, material, or substance, whether animate or inanimate, which in the manner it is used or intended to be used is capable of producing death or serious bodily injury.

This court considered a vagueness challenge to § 28-1202 in *State v. Valencia, supra,* where Valencia was charged with violating § 28-1202 after police found a spring-operated switchblade knife in his pants pocket during a pat-down search. Valencia moved to quash the information, contending that § 28-1202 was unconstitutionally vague and overbroad. The district court sustained Valencia's motion to quash, finding that § 28-1202(1) was unconstitutional as applied because the weapon did not fall within the specific types of knives prohibited but instead fell within the category of "any other deadly weapon," which category was unconstitutionally vague and overbroad. The State appealed, contending the district court erred in making this specific finding.

In holding that § 28-1202(1) was not unconstitutionally vague, we first observed that the Legislature had designated certain weapons—revolvers, pistols, bowie knives, dirks or knives with a dirk blade attachment, and brass or iron knuckles—deadly weapons per se and that the manner of the actual or intended use of those weapons was immaterial under § 28-1202. However, regarding the phrase "or any other deadly weapon," we held that

> it is the element of actual or intended use which renders the words "other deadly weapons" sufficiently definite to provide citizens an opportunity to conform their conduct to the statute; and to distinguish between situations involving culpable concealment, and those involving innocent concealment. It is this element of use or intended use of the object which saves the term "deadly weapon" from being vague or overbroad.

*State v. Valencia, supra* at 724-25, 290 N.W.2d at 184. We determined, however, that the question of whether an object or

weapon not specifically mentioned in the statute was a "deadly weapon" was a question of fact and that the resolution of the question would depend upon the evidence adduced as to the use or intended use of the switchblade knife.

In *State v. Kanger*, 215 Neb. 128, 337 N.W.2d 422 (1983), we applied the analysis set out in *State v. Valencia, supra*, where Kanger, a prison inmate, was convicted of carrying a concealed weapon after a corrections officer, during a pat-down search, found a homemade knife concealed on Kanger's person. The record in that case showed that Kanger did not resist being searched or attempt to reach for the knife during the search. The parties stipulated that if Kanger were to testify on his own behalf, he would testify that the knife was given to him by another inmate because the other inmate feared a shakedown search of his own cellblock; that Kanger kept the knife in his cell, and upon hearing of the search of his own area he decided to hide the knife in his sock with the intention of getting it out of his cell and into the yard, where he could throw it away; and that he had no intention of using the knife as a weapon. Kanger contended on appeal that the trial court erred in finding that the knife concealed on his person was a deadly weapon within the meaning of §§ 28-1202(1) and 28-109(7). We held that

> in the context of a prison environment and the evidence in this case, there can be no serious doubt that a homemade knife of the kind shown by the evidence here was used or intended to be used in a manner which was capable of producing death or serious bodily injury. Any other conclusion would ignore reality. The defendant's own testimony establishes his knowledge that such a weapon was forbidden and that he knew his possession of it could not be innocent.

215 Neb. at 132, 337 N.W.2d at 424.

Most recently, in *State v. Williams*, 218 Neb. 57, 352 N.W.2d 576 (1984), we reaffirmed the rulings in *State v. Valencia*, 205 Neb. 719, 290 N.W.2d 181 (1980), that § 28-1202(1) designated certain enumerated weapons deadly weapons per se, that the carrying of per se deadly weapons concealed on or about the person constituted a crime regardless of the manner of the actual or intended use of the weapon, and that items not

enumerated could be determined to be deadly weapons only if the manner in which they were used, or intended to be used, was capable of producing death or serious bodily injury.

Williams and a codefendant were arrested on suspicion of driving a stolen automobile. While searching the car for contraband, the police discovered a pellet gun, which looked like a .357 Magnum firearm, in the glove compartment and an 8½-inch-long serrated steak knife, with a 4¾-inch blade, beneath the driver's seat. Williams was convicted of carrying a concealed weapon in violation of § 28-1202(1) and claimed on appeal that the trial court erred in failing to instruct the jury that the concealment of a weapon may be innocent as opposed to culpable. In response, the State argued that the steak knife and pellet gun were deadly weapons specifically enumerated in § 28-1202. We held that the steak knife and pellet gun were not per se deadly weapons under § 28-1202 and reversed Williams' conviction, stating:

> We refuse to expand the *Valencia* holding or to construe § 28-1202(1) in that fashion. The context of Chapter 28, article 12, requires that the concept of per se deadly weapon be limited to the specific weapons enumerated in § 28-1202(1). To hold otherwise would mean that every citizen carrying a kitchen paring knife with a 4-inch blade in a picnic basket containing other appropriate picnic items would be concealing a per se deadly weapon and would be guilty of a [crime] without being able to explain his innocent intent.

*State v. Williams, supra* at 60, 352 N.W.2d at 579. We held that under the circumstances presented in *Williams*, the jury should have been instructed that neither the steak knife nor the pellet gun was a per se deadly weapon, that the jury would have to determine whether one or both of the items were "deadly weapons," and that to convict the defendant, the jury must find that he carried a deadly weapon with the intention to use it to produce death or serious bodily injury.

Turning to the language of the ordinance at issue in this case and applying the analysis set forth in *State v. Valencia, supra*, we conclude that § 20-192 of the Omaha Municipal Code is not unconstitutionally vague in light of the definition of "weapon"

found in code § 20-191. Section 20-191, like § 28-1202(1), enumerates certain items—firearms and stun guns—weapons per se, and an ordinary person is put on notice that it is unlawful to conceal these items on or about his person. The phrase "any other instrument the use of which is intended or likely to cause death or bodily injury" is not unconstitutionally vague because an ordinary person could determine with reasonable certainty (1) whether the use of a particular instrument as a weapon is likely to cause death or bodily injury or (2) whether the person intended to use the instrument to cause death or bodily injury. Whether the accused knew that using the particular instrument as a weapon is likely to cause death or bodily injury and whether the accused intended to use the instrument to cause death or bodily injury are fact questions to be resolved by the trier of fact.

Turning to the defendant's contention in this case that the evidence was insufficient to support his conviction, the record shows that on May 8, 1990, two Omaha police officers saw the defendant drive a car over a curb and into a power pole. The officers thought he might be driving while intoxicated, approached to investigate, and asked him to get out of the car. The defendant cooperated and explained that he had been wiping the humidity off his windshield when he crashed into the pole.

During a pat-down search, the officers discovered two knives on the defendant's person. The knives were covered by an unbuttoned vest the defendant was wearing and neither knife was visible until discovered when the defendant raised his arms during the pat-down search. One knife was a fixed-blade knife approximately 7 inches long with a 3½-inch blade. The other knife was a lock-blade folding knife slightly more than 8 inches in overall length, with a pointed blade approximately 3½ inches long. The defendant made no statements concerning the intended use of the two knives, but explained to the officers that a third instrument found on his person was a leatherworking tool.

We have held that the existence of a required intent, knowledge, or other state of mind may be established through circumstantial evidence. *State ex rel. Spire v. Strawberries,*

*Inc.,* 239 Neb. 1, 473 N.W.2d 428 (1991) (defendants' knowledge that video poker machines would be used in the advancement of unlawful gambling activity was established by the machines' placement in bars where they were played by patrons, together with the defendants' knowledge that the machines had no other purpose except as gambling devices); *State v. Jensen,* 238 Neb. 801, 472 N.W.2d 423 (1991); *State v. Lonnecker,* 237 Neb. 207, 465 N.W.2d 737 (1991) (a defendant possesses a controlled substance when he knows of the nature or character of the substance and its presence and has dominion or control over the substance). See *State v. Lixey,* 238 Neb. 540, 471 N.W.2d 444 (1991) (whether one charged with theft intended to permanently deprive the owner of the property is to be inferred from the words and acts of the defendant and from the circumstances surrounding the incident).

In the present case, the appearance and character of the knives and the circumstances under which they were seized tend to establish that the defendant knew that these particular knives, if used as weapons, were likely to cause death or bodily injury. The evidence was sufficient to support the trial court's finding that the knives were weapons under § 20-191.

The judgment of the district court, affirming the judgment of the county court, is affirmed.

AFFIRMED.

BOSLAUGH, J., participating on briefs.