Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/06/2016 09:09 AM CDT

STATE OF NEBRASKA, APPELLEE, V.
BAO MINH NGUYEN, APPELLANT.
___ N.W.2d ___

Filed May 6, 2016.    No. S-15-142.

1. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below.
2. **Criminal Law: Weapons: Intent.** When a weapon has been classified as a deadly weapon per se for purposes of Neb. Rev. Stat. § 28-1202 (Cum. Supp. 2014), the manner or intended use of such deadly weapon is immaterial.
3. ____: ____: ____. Any knife with a blade over 3½ inches in length is a deadly weapon per se, and the manner or intended use of such deadly weapon is not an element of the crime charged.

Petition for further review from the Court of Appeals, MOORE, Chief Judge, and IRWIN and INBODY, Judges, on appeal thereto from the District Court for Lancaster County, JOHN A. COLBORN, Judge. Judgment of Court of Appeals affirmed.

Gerald L. Soucie for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, MILLER-LERMAN, CASSEL, STACY, and KELCH, JJ.

WRIGHT, J.

NATURE OF CASE

This case comes to us on Bao Minh Nguyen's petition for further review of the Nebraska Court of Appeals' unpublished

memorandum opinion, filed on October 14, 2015, which affirmed his conviction of carrying a concealed weapon in violation of Neb. Rev. Stat. § 28-1202 (Cum. Supp. 2014). Nguyen argues that the knife which he had in his possession was not a deadly weapon per se and that the State was required to show that he intended to use the knife as a deadly weapon. For the reasons set forth below, we affirm.

## BACKGROUND

On June 30, 2014, Nguyen was stopped by law enforcement for failing to use a turn signal, which ultimately led to a search of his vehicle and the discovery of methamphetamine and a "Stiletto" knife with a blade measuring 3¾ inches long. Nguyen was arrested and charged with one count of possession of methamphetamine and one count of carrying a concealed weapon, second offense. The parties agreed to bifurcate the proceedings. Nguyen pled guilty to possession of methamphetamine and was sentenced to 1 to 3 years' imprisonment. He does not appeal from that conviction.

A stipulated bench trial was held on the charge of carrying a concealed weapon. The parties submitted a written trial stipulation, a copy of the police report describing the incident, and photographs of the knife alongside a ruler. The stipulation set forth that Nguyen carried the knife concealed in the visor of his vehicle and that the photographs submitted were true and accurate photographs of the knife and the ruler measuring the knife.

The issue before the district court was whether the knife constituted a deadly weapon under § 28-1202. Based upon our decisions in *State v. Williams*[1] and *State v. Valencia*,[2] Nguyen argued that the State was required to prove that the manner in which the knife was used or intended to be used was capable of producing death or serious bodily injury.

---

[1] *State v. Williams*, 218 Neb. 57, 352 N.W.2d 576 (1984).

[2] *State v. Valencia*, 205 Neb. 719, 290 N.W.2d 181 (1980).

The district court noted that § 28-1202 had been amended since the publication of *Williams* and *Valencia*. The 2009 amendment deleted references to specific types of knives and instead added the general term "knife" as a deadly weapon per se. The court concluded that the Legislature amended the statute to prohibit a person from carrying *any knife* concealed on or about his or her person, if it came within the definition of knife set forth in Neb. Rev. Stat. § 28-1201(5) (Cum. Supp. 2014). Section 28-1201(5) defines knife as "any dagger, dirk, knife, or stiletto with a blade over three and one-half inches in length or any other dangerous instrument capable of inflicting cutting, stabbing, or tearing wounds." The court concluded that the knife found in Nguyen's vehicle was a knife as defined in § 28-1201 and was a deadly weapon per se under § 28-1202. The district court found Nguyen guilty of carrying a concealed weapon and sentenced him to 1 to 3 years' imprisonment.

In his appeal to the Court of Appeals, Nguyen assigned that the district court erred by rejecting the precedent set forth in *Williams* and *Valencia* that regardless of the length of the knife's blade, the State must present evidence that the accused intended to use the knife as a deadly weapon. He argued that the phrase "such as a handgun, a knife, brass or iron knuckles, or any other deadly weapon" in § 28-1202 indicated the legislative intent to give examples of deadly weapons but that those examples were not intended to make such instruments deadly weapons per se. Nguyen asserted that an exclusion of shotguns from the list would indicate that shotguns were not deadly weapons per se and that therefore, a showing of the intended use of the shotgun was required for conviction.

The Court of Appeals rejected Nguyen's argument and adopted the district court's reasoning that proof of intent to use the knife as a deadly weapon was not required, because the 2009 statutory amendment made any knife with a blade longer than 3½ inches a per se deadly weapon. The Court of Appeals therefore affirmed Nguyen's conviction.

## ASSIGNMENTS OF ERROR

Nguyen alleges, summarized and restated, that the Court of Appeals erred in affirming his conviction of unlawfully carrying a concealed weapon, second offense. He asserts that pursuant to *Valencia* and *Williams*, regardless of the length of the knife's blade, the State must prove that the accused intended to use the concealed knife as a deadly weapon.

## STANDARD OF REVIEW

[1] Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below.[3]

## ANALYSIS

Nguyen asserts that the Court of Appeals erred in not requiring the State to prove that Nguyen intended to use the knife as a deadly weapon and in concluding that the knife in question was per se a deadly weapon.

The question is whether, following the legislative amendment to § 28-1202 in 2009, the State must still prove the accused intended to use a knife as a deadly weapon if the knife concealed by the accused has a blade longer than 3½ inches. The answer lies in the determination whether such amendment was intended by the Legislature to change this requirement of proof which this court espoused in *Williams*[4] and *Valencia*.[5] We examine each case.

### State v. Valencia

The defendant in *State v. Valencia*, Modesto C. Valencia, was arrested at his place of employment on a charge not relevant to this appeal. As part of the arrest procedure, one of the arresting officers frisked Valencia and found a spring-operating

---

[3] *State v. Russell*, 291 Neb. 33, 863 N.W.2d 813 (2015).

[4] *State v. Williams, supra* note 1.

[5] *State v. Valencia, supra* note 2.

switchblade knife in his pants' pocket. He was charged with carrying a weapon concealed on or about his person in violation of § 28-1202 (Supp. 1978), which, at that time, stated in part as follows:

(1) Except as provided in subsection (2) of this section, any person who carries a weapon or weapons concealed on or about his person such as a revolver, pistol, bowie knife, dirk or knife with a dirk blade attachment, brass or iron knuckles, or any other deadly weapon, commits the offense of carrying concealed weapons.

(2) It shall be an affirmative defense that the defendant was engaged in any lawful business, calling or employment at the time he was carrying any weapon or weapons, and the circumstances in which such person was placed at the time were such as to justify a prudent person in carrying the weapon or weapons, for the defense of his person, property or family.

Valencia subsequently moved to dismiss the information based upon his allegation that § 28-1202 was unconstitutional and void, because it was vague and indefinite on its face and as applied and violated article I, § 3, of the Nebraska Constitution, and the Fifth and Sixth Amendments to the U.S. Constitution.

The district court in *Valencia* found that § 28-1202(1) was unconstitutional as applied for the reason that the weapon as disclosed by the evidence at the preliminary hearing did not fall within the specific types of weapons prohibited, but, rather, fell within the category of "'other deadly weapons'" and that such category was unconstitutionally vague and overbroad.[6]

The State appealed from that order to this court. We concluded that the statute in question was constitutional. We reversed the order of the district court which had quashed that part of the information and remanded the cause for further

---

[6] *Id.* at 722, 290 N.W.2d at 183.

proceedings. In discussing Valencia's contention that the words "'other deadly weapon'" as used in § 28-1202(1) were so vague and overbroad as to render the statute unconstitutional, we noted that the term "'deadly weapon'" had been statutorily defined in another section of the new criminal code, Neb. Rev. Stat. § 28-109 (Supp. 1978), and provided in part:

"As used in this code, unless the context otherwise requires: . . . (7) Deadly weapon shall mean any firearm, knife, bludgeon, or other device, instrument, material, or substance, whether animate or inanimate, which in the manner it is used or intended to be used is capable of producing death or serious bodily injury . . . ."[7]

By applying this definition to § 28-1202(1), we determined that it was clear the Legislature, in enacting that statute, had designated certain weapons as deadly weapons per se and that the manner of actual or intended use of such designated weapons was immaterial under the statute in question. We found that the reference to the catchall phrase "'or any other deadly weapon'" contained in § 28-1202(1) was the element of actual or intended use which rendered the words "'other deadly weapons'" sufficiently definite to provide citizens an opportunity to conform their conduct to the statute and distinguish between situations involving culpable concealment and those involving innocent concealment.[8] And it was this element of intended use which saved the term "'deadly weapon'" from being vague or overbroad.[9]

We went on to say in *Valencia* that because the weapon, a switchblade knife, was not of the type enumerated in § 28-1202(1), we had serious doubts as to whether the switchblade knife was a deadly weapon per se. We noted that the decision was one for the Legislature to determine if it chose to amend the statute in question. We stated that whether an

---

[7] *Id.* at 724, 290 N.W.2d at 184.

[8] *Id.*

[9] *Id.* at 725, 290 N.W.2d at 184.

object or weapon not specifically mentioned in the statute was in fact a "'deadly weapon'" was clearly a question of fact to be decided by the trier of fact in prosecutions under this statute.[10] We further stated the resolution of this question would depend upon the evidence adduced as to the use or intended use of the object in question.

### State v. Williams

The defendant in *State v. Williams*, Timothy R. Williams, was arrested in Omaha, Nebraska, while driving a 1983 Lincoln Continental reported to have been stolen from a Lincoln, Nebraska, new car dealer. The police searched the car for contraband and discovered a pellet gun which looked like a .357-magnum firearm in the glove compartment and an 8½ inch long "'serrated steak knife'" with a blade 4¾ inches long, beneath the driver's seat.[11] It was described as a "table steak knife as used in dining."[12] Williams was charged with receiving stolen property and carrying a concealed weapon.

At trial, Williams testified that he had no knowledge of the knife underneath the seat and that he had never seen it before. Following his conviction for carrying a concealed weapon, Williams appealed, arguing that the jury should have been specifically instructed that the concealment of a weapon may be innocent as opposed to culpable.

The State asserted that the jury was so instructed and that in any event, the knife in question was a deadly weapon as specifically enumerated by § 28-1202(1) (Reissue 1979). It argued that the use or intended use of such weapon was immaterial and that there could not be any innocent concealment. During its argument, the State requested the court to expand the list of weapons specifically enumerated in § 28-1202(1) to include all knives with a blade in excess of

---

[10] *Id.*

[11] *State v. Williams, supra* note 1, 218 Neb. at 58, 352 N.W.2d at 578.

[12] *Id.*

3½ inches in length. It asked the court to expand the specific list of per se deadly weapons to include the table knife at issue by considering the definition of a "'deadly weapon'" in § 28-109(7) (Reissue 1979) which included the word "'knife'" and the definition of a knife as having a blade over 3½ inches in length.[13]

We rejected the State's argument and refused to expand our holding in *Valencia* or to construe § 28-1202(1) in the manner requested by the State. We reasoned that the context of chapter 28, article 12, of the Nebraska Revised Statutes required that the concept of per se deadly weapons be limited to the specific weapons enumerated in § 28-1202(1). We concluded that to hold otherwise would mean that every citizen carrying a kitchen paring knife with a 4-inch blade in a picnic basket with other appropriate picnic items would be concealing a per se deadly weapon and would be guilty of a Class IV felony, without being able to explain his or her innocent intent. And we reasoned that such a result was not contemplated by the Legislature in enacting § 28-1202(1).

We then proceeded to determine if the steak knife was a weapon specifically enumerated in the statute. With regard to this knife, we noted that the specifically named weapons were bowie knife, dirk, or knife with a dirk blade attachment.

We found in *Williams* that as a matter of law, the steak knife was not a deadly weapon per se. We concluded that for the jury to make a proper finding of fact, it was necessary that the jury be properly instructed. We concluded the jury had not been instructed that neither the knife nor the pellet gun were per se deadly weapons. The jury should have been instructed that before Williams could be convicted of the crime charged, the jury would have to determine that the weapon was a deadly weapon and that the defendant carried the weapon with the intent to use it to produce death or serious bodily injury. Because the instructions given to the jury were incomplete

---

[13] *Id*. at 60, 352 N.W.2d at 579.

and misleading, we reversed the judgment and remanded the cause for a new trial.

## RESOLUTION

Having examined our opinions in *Williams*[14] and *Valencia*,[15] we can proceed with our examination of § 28-1202(1) as amended in 2009.[16] The amended version of the statute provides in relevant part: "Except as otherwise provided in this section, any person who carries a weapon or weapons concealed on or about his or her person, such as a handgun, a knife, brass or iron knuckles, or any other deadly weapon, commits the offense of carrying a concealed weapon." The term "knife" is defined in § 28-1201(5) as "any dagger, dirk, knife, or stiletto with a blade over three and one-half inches in length or any other dangerous instrument capable of inflicting cutting, stabbing, or tearing wounds."

The Court of Appeals reasoned, and we agree, that from the clear statutory language of § 28-1201(5), the definition of a knife is to be applied to § 28-1202 and, consequently, the knife found and being carried and concealed by Nguyen, a stiletto with a blade over 3½ inches in length, was a deadly weapon per se for purposes of § 28-1202. Therefore, the State was not required to provide additional evidence of intent that Nguyen used or intended to use the knife to produce death or serious bodily injury.

[2] In *State v. Bottolfson*,[17] we addressed the defendant's conviction for use of a weapon to commit a felony. At that time, § 28-1201(4) (Reissue 1995) defined knife as "'any dagger, dirk, knife, or stiletto with a blade over three and one-half inches in length.'"[18] We noted that it was obvious that

---

[14] *State v. Williams, supra* note 1.

[15] *State v. Valencia, supra* note 2.

[16] § 28-1202(1) (Cum. Supp. 2014).

[17] *State v. Bottolfson*, 259 Neb. 470, 610 N.W.2d 378 (2000).

[18] *Id.* at 476, 610 N.W.2d at 384.

the Legislature, by enacting § 28-1201(4), did not intend that any knife be a per se deadly weapon under Neb. Rev. Stat. § 28-1205 (Reissue 1995). We determined that the Legislature intended the words "'with a blade over three and one-half inches'" to apply to daggers, dirks, knives, and stilettos such that any of these items having blades over 3½ inches were knives under § 28-1201(4) and that thus, any knife with a blade over 3½ inches was a deadly weapon per se.[19] When a weapon has been classified as a deadly weapon per se for purposes of § 28-1202, the manner or intended use of such deadly weapon is immaterial.[20]

[3] We therefore conclude that given the amendment to § 28-1202 and the amendment to the term "knife" as defined in § 28-1201(5), any knife with a blade over 3½ inches in length is a deadly weapon per se, and the manner or intended use of such deadly weapon is not an element of the crime charged. To the extent that our opinions in *State v. Williams*[21] and *State v. Valencia*,[22] can be construed to require proof of the intended use of any knife with a blade over 3½ inches, that interpretation has been superseded by the 2009 statutory amendment.

## CONCLUSION

We decline to comment on the rationale for the legislative amendment that defines all knives with blades longer than 3½ inches as a deadly weapon per se for purposes of the offense of carrying a concealed weapon under § 28-1202. That is the province of the Legislature.

For the reasons set forth above, we affirm the judgment of the Court of Appeals which affirmed the district court's conviction and sentence of Nguyen for carrying a concealed weapon.

AFFIRMED.

---

[19] *Id*. at 476-77, 610 N.W.2d at 384.

[20] See *State v. Kanger*, 215 Neb. 128, 337 N.W.2d 422 (1983).

[21] *State v. Williams, supra* note 1.

[22] *State v. Valencia, supra* note 2.