STATE OF NEBRASKA, APPELLANT, V. ALDEN JENSEN, APPELLEE.
409 N.W.2d 319

Filed July 17, 1987.    No. 86-811.

Michael G. Heavican, Lancaster County Attorney, and Jan W. Sharp, for appellant.

Peter K. Blakeslee, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

The State of Nebraska appeals from the order of the district court for Lancaster County finding the appellee, Alden Jensen, not guilty of violating Neb. Rev. Stat. § 28-1463 (Reissue 1979). The appeal is authorized by Neb. Rev. Stat. §§ 29-2315.01 et seq. (Reissue 1985), which allow the county attorney to take exception to a ruling or decision of the trial court.

The facts upon which the charge against Jensen was based were contained in a stipulation of facts received into evidence by the court, including a videotape portraying the defendant. The stipulation entered into by the parties established that Alden Jensen's date of birth was November 5, 1952, and that sometime between December 1 and December 31, 1983, he appeared in a segment of a videotape that had been filmed by another adult male named Gerald High. The segment that the defendant appeared in also contained pictures of a male juvenile who was 14 years of age at the time of the taping.

The scene, in the early stages of the tape, portrays the defendant lying on a bed and smoking while completely nude. During that segment the male juvenile also appears completely naked, cavorting about the bed with some type of sword. Although there are not overt sexual acts taking place in the scene containing the defendant, there are a number of closeups of the defendant's genital area at times when his penis is tucked between his legs.

The stipulation entered into by the parties further establishes that the film contains numerous scenes of juveniles under the age of 16, as well as adults, engaging in various acts of sexual conduct including masturbation, masturbation of others, fellatio, and anal intercourse. There is no plot or story line in

the film, which displays nude and seminude individuals and contains scenes of sexual activity between juveniles under the age of 16 in film segments, some of which appear prior to the scene portraying the defendant.

The videotape was filmed in segments over a period of time by High at a residence in Lincoln, Lancaster County, Nebraska. The stipulation established that Jensen had viewed the earlier film segments that appear on the tape prior to his appearance and that he was aware of the nature of those film segments prior to the filming of the scenes that he appeared in.

During the period of time between December 1 and December 31, 1983, Jensen viewed the completed videotape in its entirety and told High that he wanted a copy of the film for his own use. At that time Jensen brought his own Beta videocassette recorder to High's residence and High's videocassette recorder was connected to Jensen's videocassette recorder so that a complete copy could be made of the above-described film. Jensen was present when the recording was made, and he watched part of the film during the taping. Jensen told Detective Sorensen of the Lincoln Police Department that at the time the above-described copy was made he was aware that the film portrayed children under the age of 16 engaging in sexual contact with other children.

The district court found the stipulations listed above to be the facts of the case and further found that the videotape, as a whole, was obscene and that § 28-1463 was not unconstitutionally vague as applied. The court framed the issue as follows:

> The fundamental issue is whether the conduct of the defendant comes within the prohibitions of [Neb. Rev. Stat. § 28-1463 (Reissue 1979)]. In other words, does appearing nude in a video tape with a youngster under the age of sixteen, who is also nude, constitute actions which can be said to "make, publish, present, direct, create, provide or in any manner generate" obscene material?

The court concluded that the statute did not make criminal the act of appearing in an obscene film and found the defendant not guilty as charged.

The State complains on appeal that the district court erred in

finding the defendant not guilty of generating obscenity. It urges us to find, first, that the statute prohibits appearing in films such as the one in evidence in this case; second, that copying the film violated the statute; and, third, that the defendant should have been found guilty of aiding and abetting filmmaker High.

Section 29-2315.01 allows the county attorney to "take exception to any ruling or decision of the court made during the prosecution of a cause . . . ." We note at the outset that the court made no rulings or decisions concerning whether Jensen's act of copying the film violated the statute, or whether Jensen aided and abetted High. Under the language of the statute these issues are not subject to review by this court.

We observe that § 28-1463 has been amended since the defendant was charged. See Neb. Rev. Stat. § 28-1463.03 (Reissue 1985). Both the new and the old sections utilize similar sets of verbs in describing the action prohibited. Compare § 28-1463.03 ("It shall be unlawful for a person to knowingly make, publish, direct, create, provide, or in any manner generate . . .") and § 28-1463 ("It shall be unlawful for a person to make, publish, present, direct, create, provide, or in any manner generate . . ."). The 1979 statute prohibits generating "any obscene material which has as one of its participants or portrayed observers a child . . . ." § 28-1463. The 1985 amended statute drops the references to obscenity and makes illegal generating "any visual depiction of sexually explicit conduct which has a child as one of its participants or portrayed observers." § 28-1463.03. Neb. Rev. Stat. § 28-1463.02 (Reissue 1985) defines the terms "visual depiction" and "sexually explicit conduct." It now appears that discussing the acts of the defendant in terms of whether what he did was obscene or not is precedentially moot and will not serve to clarify future prosecutions, since the Legislature has now abandoned that phraseology. However, we do feel the issue of whether appearing in a film constitutes making, publishing, directing, creating, providing, or in any manner generating a film is one that should be addressed.

The district court held that the language used in the statute applies to one who produces or distributes the obscene

material" and not to those appearing in the film. We disagree. Subsections (2) of both the 1979 and the 1985 statutes specifically address distribution. Subsection (1) of § 28-1463 uses the verbs "make, publish, . . . direct, create, provide, or in any manner generate," and in light of the separate subsection dealing with distribution, the opinion of the district court as to the limited application of the statute cannot stand. It is clear that the Legislature intended the statute to be thorough, exhaustive, and to describe all the activity involved in generating child pornography.

Webster's Third New International Dictionary, Unabridged (1981) provides the following definitions of the words in the statute:

*make*: to cause to exist, occur, or appear; to favor the growth or occurrence of; to carry out; perform.

*publish*: to place before the public; to produce for publication; to reproduce for public consumption.

*direct*: to show or point out the way; to guide and supervise; to train and lead performances.

*create*: to bring into existence; to make out of nothing and for the first time.

*provide*: to supply what is needed; equip.

*generate*: to cause to be; to propagate.

The trial court erred in limiting the effect of the statute to production and distribution. If the Legislature intended those areas to be the only ones prohibited by the statute, the language could have been so drafted. The definitions listed demonstrate that the statute covers more conduct than that of standing behind the camera. The contribution of Jensen to the film was to supply a not insignificant part to an admittedly obscene whole. In so doing he violated the statute.

EXCEPTION SUSTAINED.