STATE OF NEBRASKA, APPELLANT, V. WILLIAM C. SAULSBURY, APPELLEE.

498 N.W.2d 338

Filed April 9, 1993.    No. S-92-198.

Don Stenberg, Attorney General, and Barry Waid for appellant.

Elizabeth Fredricey Waterman, of Cook, Wightman & Doyle, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and CHEUVRONT, D.J.

LANPHIER, J.

Defendant, William C. Saulsbury, was charged, under the Nebraska Child Pornography Prevention Act, Neb. Rev. Stat. § 28-1463.01 et seq. (Reissue 1989), with making, publishing, directing, creating, or in any manner generating a visual depiction of sexually explicit conduct which has a child as one of its participants. See § 28-1463.03. Defendant filed a plea in abatement and a motion to quash the pornography charge on the basis that the statute was unconstitutionally vague or, alternatively, did not apply to his conduct. The State appeals the ruling of the district court for Dawson County sustaining Saulsbury's motion to quash. We reverse the judgment and

remand the cause with directions.

## STATEMENT OF FACTS

On June 27, 1991, the State filed a two-count information against defendant. Count I is not at issue. Count II alleged that defendant violated § 28-1463.03, which prohibits, in part, a person from knowingly making or generating in any manner a visual depiction of sexually explicit conduct in which a child is a participant. Sexually explicit conduct is defined, in part, as a display of erotic nudity which includes the visual depiction of the female breasts or the developing breast area of a female child "for the purpose of real or simulated overt sexual gratification or sexual stimulation of one or more of the persons involved." § 28-1463.02(3). Child, in the case of a "participant," is defined as any person under the age of 18 years, and in the case of a "portrayed observer," is any person under the age of 16 years. § 28-1463.02(1). The State filed a bill of particulars alleging, with respect to count II, that between February 1 and 15, 1991, defendant made, created, or generated photographic slides of a solitary 15-year-old female in which her breasts were displayed. On January 21, 1992, defendant filed a plea in abatement and motion to quash count II of the information, stating that the statute was "unconstitutional as applied to the Defendant." In the alternative, defendant claimed that the statute did not apply to him or his conduct.

On January 24, 1992, the district court held a hearing on the defendant's plea in abatement and motion to quash. Defendant introduced into evidence, from the bill of particulars, photographs depicting a solitary female in various poses. Some of the photographs displayed an exposed breast and the developing breast area of the 15-year-old. The district court found that the plea in abatement was not proper to address the issue of "whether the conduct involved in this case is constitutionally protected, and whether the activities of the Defendant were such as to have his actions fall within the ambit of the statute." However, the court proceeded to find that the actions of defendant were constitutionally protected and that the statute had been "unconstitutionally applied to the

Defendant," and therefore, the court granted the motion to quash.

The court further sustained the motion to quash because it did not find that the photographs violated § 28-1463.01 et seq. The court acknowledged there was some exposure of human female breasts, but found that in order to implicate the statute, there must be a showing of real or simulated overt sexual gratification or sexual stimulation of one or more of the persons in the visual depiction. The court determined that this was not shown and granted the motion to quash count II.

The State timely appealed and received leave to docket error proceedings. The State contends the trial court erred in (1) ruling that the motion to quash was the proper method to question the constitutionality of the statute as applied to defendant and that therefore the court should not have conducted a hearing thereon and (2) finding that § 28-1463.01 was unconstitutional as applied to defendant.

## MOTION TO QUASH

The State contends that the motion to quash was inappropriate because defendant challenged the constitutionality of the statutes as applied to him. As provided in Neb. Rev. Stat. § 29-1808 (Reissue 1989), "A motion to quash may be made in all cases when there is a defect apparent upon the face of the record, including defects in the form of the indictment or in the manner in which an offense is charged." In *State v. Valencia*, 205 Neb. 719, 727, 290 N.W.2d 181, 185 (1980), this court stated:

"The question as to the validity of the statute on which the information is based is not properly raised by a plea in bar. Such question, if it goes to the constitutionality of the statute on its face, should be raised by demurrer or by motion to quash. If the statute is generally constitutional, and for some circumstance peculiar to the situation of the accused is unconstitutional, that is a matter which is properly triable under the general issue or a plea of not guilty." In the instant case, therefore, since the defect in question was a matter of interpretation of the statute itself, it would appear that either a motion to quash or a

demurrer would be a proper method to challenge the constitutionality of the statute.

The issue is whether defendant as a person "involved" in the display of erotic nudity had the purpose of real or simulated overt sexual gratification in generating the photographs. That is not discernible from the record. The trial court was therefore incorrect in ruling that the motion to quash was the proper procedure to raise the constitutionality of the statute as applied to defendant.

The constitutionality of the statute as applied to defendant is triable under a plea of not guilty.

## STANDARD OF REVIEW

Statutory interpretation is a matter of law in connection with which this court has an obligation to reach an independent conclusion irrespective of the determination made by the court below. *Sorensen v. City of Omaha*, 230 Neb. 286, 430 N.W.2d 696 (1988).

## CHILD PORNOGRAPHY PREVENTION ACT APPLICATION

Section 28-1463.03 of the Child Pornography Prevention Act reads in part: "(1) It shall be unlawful for a person to knowingly make, publish, direct, create, provide, or in any manner generate any visual depiction of sexually explicit conduct which has a child as one of its participants or portrayed observers."

Section 28-1463.02(5) defines "[s]exually explicit conduct" in relevant part as "(e) erotic nudity." Section 28-1463.02(3) further defines "[e]rotic nudity" as "the display of . . . the human female breasts . . . for the purpose of real or simulated overt sexual gratification or sexual stimulation of one or more of the persons involved."

The person depicted in this case is a child as defined in the statute. Due process of law requires that criminal statutes be clear and definite and that a crime and ascertainable standards of guilt be defined with sufficient definiteness to inform those subject to the statute what conduct will render them liable to punishment. The dividing line between what is lawful and unlawful cannot be left to conjecture. *State v. Pierson*, 239

Neb. 350, 476 N.W.2d 544 (1991). However, it is not necessary for a penal statute to be written so as to be beyond the mere possibility of more than one construction. *Id.* The district court in the present case determined that the overt sexual gratification or sexual stimulation of the "persons involved" referred to the persons within the photograph or visual depiction. In construing a statute, an appellate court must look at the statutory objective to be accomplished, the problem to be remedied, or the purpose to be served, and then place on the statute a reasonable construction which best achieves its purpose, rather than a construction which will defeat the statutory purpose. *State v. Seaman*, 237 Neb. 916, 468 N.W.2d 121 (1991). In holding that appearing in a film which involved minors engaged in sexually explicit conduct violated the statute, this court in *State v. Jensen*, 226 Neb. 40, 44, 409 N.W.2d 319, 321 (1987), found it clear that the Legislature intended the statute to be "thorough, exhaustive, and to describe all the activity involved in generating child pornography."

The purpose of the statute is to eliminate the sexually explicit depiction and exploitation of children as defined. Reading the entire section, it is apparent the Legislature intended that the sexual nature of the photograph be determined not solely from the subjects of the picture, but also from the motives of the persons generating the picture. The statute proscribes the visual depiction of a minor female's breasts or the developing breast area of a female child "for the purpose of real or simulated overt sexual gratification or sexual stimulation of one or more of the persons involved." § 28-1463.02(3). The Legislature intended the statute to be read as referring to those "persons involved" in the publishing, directing, creating, providing, or in any manner generating any visual depiction of sexually explicit conduct which has a child as one of its participants or portrayed observers. The terms of the statute were meticulously defined. The statute provides notice that the visual depiction for sexual gratification of a female child displaying her breasts or the developing breast area will violate the statute.

The foregoing interpretation is in accord with federal decisions ruling on the constitutionality of federal child pornography laws. The standard for obscenity enunciated in

*Miller v. California*, 413 U.S. 15, 93 S. Ct. 2607, 37 L. Ed. 2d 419 (1973), was different from the standard applied in cases involving child pornography.

In *New York v. Ferber*, 458 U.S. 747, 102 S. Ct. 3348, 73 L. Ed. 2d 1113 (1982), the Court held that states have a broader power in regulating the pornographic depictions of children. "A trier of fact need not find that the material appeals to the prurient interest of the average person; it is not required that sexual conduct portrayed be done so in a patently offensive manner; and the material at issue need not be considered as a whole." 458 U.S. at 764. The Court in *Ferber* required that legislation prohibiting child pornography be addressed to works that "*visually* depict sexual conduct by children below a specified age." (Emphasis in original.) 458 U.S. at 764. *Ferber* involved the prosecution of a bookstore proprietor convicted of distributing sexually explicit materials involving minors, in violation of federal child pornography provisions. The Court did not address the issue of whether the intention of the producer or creator of the photographs was to be taken into account in determining the sexual nature of the pictures.

Since *Ferber*, federal courts have dealt with the intention issue on several occasions. In defining "sexually explicit conduct," as used in 18 U.S.C. § 2256(2)(E) (1988), as the "lascivious exhibition of the genitals or pubic area of any person," courts have found relevant the intentions of the photographer in taking the photographs. See, *U.S. v. Wiegand*, 812 F.2d 1239 (9th Cir. 1987), *cert. denied* 484 U.S. 856, 108 S. Ct. 164, 98 L. Ed. 2d 118; *U.S. v. Villard*, 885 F.2d 117 (3d Cir. 1989); *U.S. v. Arvin*, 900 F.2d 1385 (9th Cir. 1990), *cert. denied* 498 U.S. 1024, 111 S. Ct. 672, 112 L. Ed. 2d 664 (1991); *U.S. v. Cross*, 928 F.2d 1030 (11th Cir. 1991), *cert. denied* 499 U.S. 929, 112 S. Ct. 594, 116 L. Ed. 2d 618. In *Wiegand*, the court considered several depictions in separate photographs of two minor females aged 10 and 17. In both instances, the court found that the exhibition was lascivious because the photographer posed them according to his own pedophilic lusts. The court noted that in regard to a 10-year-old, it was unlikely she could have had any sexual intentions in her poses.

In the context of the statute applied to the conduct of

children, lasciviousness is not a characteristic of the child photographed but of the exhibition which the photographer sets up for an audience that consists of himself or like-minded pedophiles. . . . The picture of a child "engaged in sexually explicit conduct" within the meaning of 18 U.S.C. §§ 2251 and 2252 as defined by § 2255(2)(E) is a picture of a child's sex organs displayed lasciviously—that is, so presented by the photographer as to arouse or satisfy the sexual cravings of a voyeur.

812 F.2d at 1244. (In 1986, Congress amended the Child Protection Act of 1984, U.S.C. §§ 2251 to 2257. Section 2256 replaced § 2255 as the section providing definitions.)

In *Cross*, the defendant fraudulently induced a photographer and the parents of minor children to take part in a scheme whereby the minors posed for nude photographs. The court noted that the pictures qualified as lewd under the child pornography statute, as defined by the act prior to amendment, even though the children were not portrayed as sexually coy or inviting, because the photographs displayed full frontal nudity of the girls and were arranged by defendant in order to be used to satisfy his sexual interests or those of other pedophiles.

In *Villard*, the defendant was convicted of transporting magazines with sexually explicit photographs of minors. *Villard* is similar to *Ferber* in that they both involve the prosecution of the person who distributes prohibited material and not the person taking the photograph. The court in *Villard* found that in determining whether a visual depiction constituted lascivious exhibition of the genitals, as prohibited under federal legislation, a court should look at the photograph rather than at the viewer and determine the intended effect and not the actual effect on the viewer. In order to determine the intended effect, it would be relevant to look to the motives of the person who generated the visual depiction—in the present case, defendant. Unlike *Ferber* and *Villard*, the identity of the photographer in the present case is apparent, and he is the subject of the prosecution. Therefore, in determining whether defendant violated § 28-1463.03, the trial court should consider whether defendant took the photographs for the purpose of his own overt sexual gratification or sexual stimulation.

As stated in *Arvin*, child pornography can be prohibited even if not obscene. See, also, *New York v. Ferber*, 458 U.S. 747, 102 S. Ct. 3348, 73 L. Ed. 2d 1113 (1982). A determination of whether defendant took the pictures for the purpose of real or simulated overt sexual gratification or sexual stimulation should include a consideration of the factors enunciated in *United States v. Dost*, 636 F. Supp. 828 (1986), and approved in *U.S. v. Wiegand, supra*, and *U.S. v. Villard, supra*. *Dost* set forth a number of factors to consider in determining whether there had been a depiction of lascivious exhibitions under the federal child pornography law, which factors are

1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;

2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

4) whether the child is fully or partially clothed, or nude;

5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;

6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

636 F. Supp. at 832.

*Dost*, and other cases adopting such factors, involved the meaning of the phrase "lascivious exhibition of the genitals or pubic area." In federal legislation, the term defined by that phrase is "sexually explicit conduct." Because the Nebraska statute uses the same term, the factors set out in *Dost* and other cases are relevant to determining whether there has been a depiction of real or simulated overt sexual gratification or sexual stimulation. However, the Nebraska statute is broader in that it also prohibits the depiction of a female's breasts if she is under the age of 18 years.

Although a penal statute must be strictly construed, it should be given a sensible construction, and general terms should be limited in their construction and application so as to avoid injustice, oppression, or an absurd consequence. *State v.*

*Pierson*, 239 Neb. 350, 476 N.W.2d 544 (1991). The Court in *Ferber* stated that the conduct prohibited must be sufficiently defined by applicable state law "as written or authoritatively construed." 458 U.S. at 764. The cases discussed above demonstrate the absurdity of a contrary interpretation. Any other construction of the Nebraska Child Pornography Prevention Act would render it ineffectual against a defendant who photographed a solitary child below the age of majority in various poses designed to satisfy the warped sexual lust of the photographer, because it would be absurd to believe the child depicted was in any manner receiving sexual gratification or sexual stimulation. As stated in *U.S. v. Arvin*, 900 F.2d 1385, 1391 (9th Cir. 1990), *cert. denied* 498 U.S. 1024, 111 S. Ct. 672, 112 L. Ed. 2d 664 (1991):

> In order to be lascivious, the exhibition must be pornographic, even if it need not be obscene. At the same time, it must be recognized that the type of sexuality encountered in pictures of children is different from that encountered in pictures of adults. This is because children are not necessarily mature enough to project sexuality consciously. Where children are photographed, the sexuality of the depictions often is imposed upon them by the attitude of the viewer or photographer. The motive of the photographer in taking the pictures therefore may be a factor which informs the meaning of "lascivious."

## CONCLUSION

In light of the foregoing, this court finds that the motion to quash was improperly granted. Whether § 28-1463.03 was constitutionally applied to defendant and his conduct requires determination of his intent. Examination of intent is necessary to determine whether sexual gratification was a motive in the display of the depicted minor's breasts or developing breast area. This intent is not determinable on the face of the record, but is triable under a plea of not guilty. We reverse the district court's judgment and remand the cause with directions.

REVERSED AND REMANDED WITH DIRECTIONS.