REQUESTED BY: Kermit A. Brashear, Senator
Question Presented: Whether proposed amendments to Nebraska's laws relating to child pornography are constitutional in light of the First Amendment to the United States Constitution and the corresponding provisions of the Nebraska Constitution.
Since the proposed legislation does not seek to amend the statute criminalizing the possession of child pornography, this opinion will not address the impact, if any, on Neb. Rev. Stat. § 28-813.01 (Reissue 1995). LB 1349 would amend the prohibitions against child pornography to include compiling, for purposes of reproduction and distribution, a compilation of multiple visual depictions of full child nudity when manifesting a design to elicit a sexual response in a viewer with a sexual interest in children.
Answer: A state has more freedom to proscribe works which portray sexual acts or lewd exhibitions of genitalia by children than other pornographic depictions. See New York v. Ferber,458 U.S. 747, 756, 102 S.Ct. 3344, 3353 (1982). Child pornography is not entitled to First Amendment protection provided the conduct to be prohibited is adequately defined by state law. SeeFerber, 458 U.S. 764, 102 S.Ct. 3358. Statutes regulating child pornography are not subject to limitations placed upon statutes governing adult pornography. One need not find that the material appeals to the prurient interests of the average person; it is not required that sexual conduct portrayed be done so in a patently offensive manner; and the material at issue need not be considered as a whole. See Ferber, 458 U.S. 747, 102 S.Ct. 3348
(quoted in State v. Saulsbury, 243 Neb. 227, 498 N.W.2d 338
(1992)). The greater latitude allowed the government in restricting child pornography is permitted due to the "surpassing importance" of the government's interest in preventing the sexual exploitation and abuse of children. See Ferber,458 U.S. at 755, 102 S.Ct. at 3355.
While government is given great latitude when regulating child pornography, the definition of child pornography must be limited. See Ferber, 458 U.S. at 764, 102 S.Ct. at 3358. The conduct to be prohibited must be adequately defined by the applicable state law, as written or authoritatively construed.See id. The category of "sexual conduct" proscribed must also be suitably limited and described. See id.
In 1986, this office offered its opinion on the constitutionality of the Child Pornography Prevention Act in Nebraska Attorney General Opinion, No. 86035, March 13, 1986. Subsequently, the Nebraska Child Pornography Prevention Act, as it presently exists, has withstood constitutional challenges on the basis of overbreadth and vagueness. See State v. Burke,225 Neb. 625, 408 N.W.2d 239 (1987). While not being required to pass on the facial constitutionality of the statute, the Nebraska Supreme Court has noted that the "terms of the statute were meticulously defined" when discussing the proscriptions of the Act. Saulsbury, 243 Neb. at 232, 498 N.W.2d at 342. The Nebraska Supreme Court has also noted that federal legislation similar to the Nebraska statute as it currently exists has been upheld as constitutional. See Saulsbury, 243 Neb. 227,498 N.W.2d 338. Consequently, this opinion will focus only upon those amendments proposed in LB 1349.
The added language proposed in LB 1349, if adopted, should likewise be held constitutional under the guidelines provided by the U.S. Supreme Court and the Nebraska Supreme Court because the conduct prohibited is adequately defined.
The additional criminal conduct proscribed by LB 1349 is limited to material containing visual depictions of child nudity or nudity of children under eighteen years of age. The conduct proscribed is further limited to compilations of child nudity "manifesting a design to elicit a sexual response in a viewer with a sexual interest in children." By definition, compilations do not manifest a design to elicit a sexual response in a viewer with a sexual interest in children if compiled for a bona fide scientific, educational, or medical purpose by a bona fide institution.
In the absence of anything indicating to the contrary, statutory language must be given its plain and ordinary meaning.See State v. Flye, 245 Neb. 495, 513 N.W.2d 526 (1994). In reading a penal statute, one must give effect to the purpose and the intent of the legislature as ascertained from the entire language of the statute considered in its plain ordinary and sense. See State v. Robbins, 253 Neb. 146, 570 N.W.2d 185
(1997). Terms in the criminal offenses defined by the proposed legislation such as "compilation," "design," "visual depictions," and "full child nudity" are defined by statute and are words of common usage with readily ascertained meanings. As such, the conduct to be prohibited has been adequately defined by the applicable state law as required by Ferber. Individuals are given proper notice of the prohibited conduct.
In Ferber, among the issues considered was whether the proscription against using children in the "lewd exhibition of the genitals" was beyond the reach of First Amendment protection. In concluding that such displays were not constitutionally protected the Court noted that the terms "lewd exhibition of genitals" had a known meaning. The statute also required "scienter" or knowledge on the part of the person inducing a child to engage in such an exhibition. Ferber, 458 U.S. at 765,102 S.Ct. at 3359.
As with the statute construed in Ferber, LB 1349 uses terms of known meaning. It also requires scienter in that the prohibited acts require a "design to elicit a sexual response in a viewer with a sexual interest in children." In other words, the proposed language requires a demonstrated plan or purpose to elicit a sexual response on the part of a viewer with a sexual interest in children. The statute also defines the meaning of "manifesting a design."
Ferber also requires that the sexual conduct proscribed must be suitably limited and described. The legislation must not be overbroad or prohibit a substantial amount of constitutionally protected conduct. The statutory language proposed suitably limits and describes the sexual conduct proscribed within the meaning of Ferber, 458 U.S. at 764, 102 S.Ct. at 3358.
Legislative attempts to prohibit the production or transfer of child pornography have sometimes been constitutionally attacked as being overbroad. The doctrine of overbreadth is predicated on the sensitive nature of protected expressions and allows persons to attack overly broad statutes even though the conduct of the person making the attack is clearly unprotected. In other words, the attack is made upon the "face" of the statute. The overbreadth of the statute, however, must be "substantial" before the statute will be invalidated on its face.Ferber, 458 U.S. at 769, 102 S.Ct. at 3361. The proposed amendments are not substantially overbroad.
LB 1349 limits the reach of the proscribed conduct by exempting compilations containing multiple visual depictions of full child nudity compiled for a bona fide scientific, educational or medical purpose for a bona fide institution with a bona fide interest in such. These exemptions allow scientific, medical and educational institutions with a legitimate purpose to compile and distribute volumes containing multiple visual depictions of child nudity. The statute considered inFerber did not contain such an exemption. The United States Supreme Court has previously considered similar limiting exemptions when overruling a constitutional overbreadth attack upon legislation proscribing possession and viewing of child pornography in Osborne v. Ohio, 495 U.S. 103, 110 S.Ct. 1691
(1990). The specific exceptions contained in LB 1349 exempt bona fide institutions which compile visual depictions of child nudity for bona fide medical, educational, or scientific purposes. When the limiting exceptions are considered, the scope of the statute narrows considerably. The impact of the proposed amendments upon protected conduct would, in our opinion, be "de minimis." Seeid.
Conclusion: LB 1349 seeks to amend Nebraska's child pornography statutes by adding a prohibition against compiling for purposes of reproduction and distribution a compilation containing multiple visual depictions of full child nudity as well as the subsequent sale or delivery of such compilations. In view of the facts that the prohibition does not extend to a person merely possessing pictures of child nudity for innocent purposes; that scienter is required on the part of the person compiling the multiple visual depictions; and that there are exemptions for compilations made by bona fide institutions for bona fide scientific, educational or medical purposes; the amendatory language should be held constitutional.
Sincerely,
 DON STENBERG Attorney General
 Barry Waid Assistant Attorney General
APPROVED BY:
Don Stenberg 
Attorney General